## JOHN SKINKER, Respondent, *v.* F. W. CLUTE *et al.*, Appellants.

Admission by Pleading — Setting Up of Counter Claim.  Where, in an action for goods sold and delivered, the answer admitted the receipt of the goods ; did not deny their value and that no part of it had been paid ; but denied all indebtedness and set up a counter claim arising out of the same transaction :  *Held*, an admission of the plaintiff's claim as set forth in the complaint, subject to the counter claim.

Admission of Value of Goods Sold and Delivered—Drayage Items.  Where, in an action for goods sold and delivered, there was no denial of their receipt and value ; and on the trial an open account of them, including charges for drayage, was offered and received in evidence without objection :  *Held*, that defendant could not afterwards object to the items for drayage.

INTEREST ON BALANCE OF ACCOUNT — BALANCE ASCERTAINED BY PLEADING.
  Where an answer admitted an account for goods sold and delivered : *Held*,
  that such answer amounted to an ascertainment of the balance of account
  and that under the statute (Comp. Laws, Sec. 32) interest was due from that
  time upon such balance.

APPEAL from the District Court of the Seventh Judicial
District, Lincoln County.

This was an action by John Skinker of San Francisco,
California, against the firm of Clute & Young of Pioche, to
recover $314 30, for fuse sold and delivered, with interest
thereon from June 10, 1873. The answer, as stated in the
opinion, failed to deny the material facts alleged; but set
up by way of counter claim a claim for $500, for alleged
breach of an agreement by plaintiff to furnish defendants
with all the powder and fuse they might require. The
action was tried by jury, and resulted in a verdict in favor
of plaintiff for $312 93, and judgment accordingly.

The account offered in evidence by plaintiff was appar-
ently taken from his books, and included items of powder
and fuse furnished at various times from May 14, 1872, to
June 10, 1873, with items of drayage for each lot so fur-
nished. It also contained credits by cash received and two
items of interest, one on the account up to June, 1873, and
one on the balance of $314 30, then due.

Defendants appealed from the judgment and an order
overruling their motion for a new trial.

*Pitzer & Corson*, for Appellants.

I.   The court erred in instructing the jury that the de-
mand of the plaintiff was admitted by the pleadings, because
this must have been understood by the jury as including the
items of interest and drayage, which were contested by de-
fendants on the trial. The admission was only as to the sale
and delivery of the fuse.

II.    There is no proof of an agreement or custom to charge drayage; and as items for drayage are included in the itemized bill and must have been allowed by the jury and included in their verdict, the judgment to that extent at least was erroneous.

III.    The proof clearly shows this to have been an open and unsettled account.    Hence the allowance of interest was error.    *Flannery* v. *Anderson,* 4 Nev. 437, and cases there cited.

*Henry Rives,* for Respondent.

I.    Though the answer in its first part contains a denial of the allegations of the complaint respecting defendants' indebtedness and also a denial "that they ever purchased any fuse except as thereinafter stated," it subsequently admits that plaintiff furnished them the fuse described, and no where denies that it was worth the amount claimed.    This was an admission of plaintiff's demand.

II.    While there was no proof of a custom to charge drayage such a custom is so universal and well known, not only among merchants but all others having any knowledge of business, as not to require proof.    The jury by allowing the charge for drayage and part of the charge for interest virtually find an agreement and custom warranting both charges.    The account was closed and the balance ascertained long before the action was brought.

By the Court, BELKNAP, J. :

This action was brought to recover $314 30 for goods sold and delivered.    The answer admits the receipt of the goods. It does not deny their value and that no part of it has been paid, but denies all indebtedness, and sets up as counter claim a breach of contract arising out of the transaction sued

upon and prays damages therefor in the sum of five hundred dollars. The reasonable construction of this pleading is an admission of the plaintiff's claim to the extent set forth in the complaint, subject to the defendants' counter claim. This interpretation was adopted by the district court and is embodied in the following instruction : "The demand of the plaintiff is admitted by the pleadings, and unless the defendants establish their right to their counter claim in the way of damages to your satisfaction your verdict must be for the plaintiff." An open account between the parties, particularizing their transactions and embracing items of drayage and interest, was received in evidence without ob-jection. It is now said in behalf of appellants that by this instruction the jury must have considered that the charges of interest and drayage were confessed by him,. whereas in fact, it is said, he contested these items throughout the trial. The answer to this is that the record fails to show such objection, and it would have been inadmissible under the pleadings, for the allegation of value (in which these items were included) not being denied, must be taken as confessed. The complainant prays for interest upon $314 30, from June 6, 1873. It would seem that this interest was not allowed, since the verdict is for $312 93. In the case of *Flannery* v. *Anderson*, 4 Nev. 437, it was decided under Sec. 32 (Comp. Laws) that in the absence of an express contract thereto in writing, interest was not recoverable upon money due upon an open account. The same statute declares that interest shall be allowed upon money due on the settlement of accounts from the day on which the balance is ascertained.

In our view of this case the account was liquidated and the balance ascertained by the admissions of the answer, and interest upon the balance was, therefore, allowable.

The judgment and order refusing a new trial are affirmed.