HOBART ESTATE CO. *v.* JONES, ET AL.

No. 2820

March 1, 1929.            274 P. 921

*Booth B. Goodman,* for Appellants:

*W. M. Kearney,* for Respondents:

## OPINION

By the Court, COLEMAN, J.:

This is an action to recover a personal judgment against certain of the defendants and to foreclose a mechanic's lien. From a judgment foreclosing a mechanic's lien, and an order denying a motion for a new trial, Millie Jones and Elizabeth A. Rodgers have appealed on the judgment roll alone. Only two points are urged, namely, that the court erred in allowing interest on the claim prior to judgment and in allowing an attorney's fee to the plaintiff.

The appellants were, in the year 1923, the owners of certain real estate in Pershing County Nevada, which they leased to the defendant Walter W. Akers, who thereafter assigned his lease to the Reservation Land & Cattle Company. The plaintiff sold and delivered to said Akers, to be used in repairing and enlarging a certain building on said premises, building supplies, and thereafter in due time filed its mechanic's lien statement. This suit was brought to foreclose that lien. Certain other lien claimants were joined as defendants with Akers and the appellants.

■ The first contention we will consider is that the court erred in giving judgment for interest on the amount due for supplies furnished. In support of this contention we are referred to the case of Burnett v. Glas, 154 Cal. 249, 97 P. 423, wherein it is held that the claimant was not entitled to interest for the reason that the amount due was unliquidated. We have no doubt but that the holding in that case was correct; but, in view of the fact that there is no evidence before us, every presumption must be indulged that there was a showing in the lower court that the claim in question was not an unliquidated claim as of the date from which the court ordered that it draw interest.

■ Our statute provides that, when there is no express contract in writing fixing a different rate of interest, interest shall be allowed at the rate of 7 per cent per annum upon all money from the time it becomes due in certain cases, of which this is one. Stats. 1917, p. 351; 3 Rev. Laws, p. 2855, sec. 4. The complaint alleges the time when the amount sued for became due. In the circumstances we must assume that the amount claimed fell due at the time fixed by the court. There is no merit in the contention that section 2228, Rev. Laws, limits the amount of the recovery to the principal. It does not undertake to fix the method of arriving at the amount due on a mechanic's lien statement, but simply to require the claimant to enter an acknowledgment of satisfaction when the amount due, whatever

it may be, is paid. We do not think the court erred in allowing an attorney's fee.

Counsel for appellant says in his brief: " *  *  * We do not find the authority upon which this attorney's fee is allowed and while we may have overlooked at this time the section of the law, we still submit that no valid law can exist which permits the recovery of such an attorney's fee against any party to the suit and certainly not as against the mere owners of the property. The claims must find sound basis in our statutes for their existence. An attorney's fee allowed to a lien claimant cannot be based on any law which is, in itself, unconstitutional."

Section 2224, Rev. Laws, provides: " *  *  * The court may also allow, as part of the costs, the moneys paid for filing and recording the lien, and shall also allow to the prevailing party reasonable attorney's fees."

Counsel disclaims knowledge of this provision of our statute and places his argument upon the reasoning in Builders' Supply Depot v. O'Connor, 150 Cal. 265, 88 P. 982, 17 L. R. A. (N. S.) 909, 119 Am. St. Rep. 193, 11 Ann. Cas. 712, which held that a statute which authorized the allowing of an attorney's fee to the lien claimant, in case he prevailed, but which made no provision for an attorney's fee to the adverse party in case he prevailed, is void. The case is not in point, since our statute authorizes an allowance of an attorney's fee to the prevailing party, whether plaintiff or defendant.

■■ Every statute is presumed to be constitutional, and as the California case is not in point, and as no other reason is pointed out as a ground for holding it unconstitutional, we are compelled to say that the law quoted is valid. Without expressing an opinion we may say that there are authorities which seem to raise a serious doubt as to the correctness of the opinion of the California court. Among them are: Missouri, K. & T. Ry. Co. of Texas v. Cade, 233 U. S. 642, 34 S. Ct. 678, 58 L. Ed. 1135; Vosburg v. A. T. & S. F. Ry. Co., 89 Kan. 114, 130 P. 667; Cascaden v. Wimbish

(C. C. A.), 161 F. 241; A. T. & S. F. Ry. Co. v. Matthews, 174 U. S. 96, 19 S. Ct. 609, 43 L. Ed. 909; Mills v. Olsen, 43 Mont. 129, 115 P. 33.

Perceiving no error on the record, the judgment and order are affirmed.

### ON PETITION FOR REHEARING

May 15,. 1929.

*Per Curiam:*

Rehearing denied.