FRANCES I. DUDREY, APPELLANT, v. OLIVE MILNER, EXECUTRIX OF THE ESTATE OF MAYME SMITH, DECEASED, RESPONDENT.

No. 4751

October 26, 1964                           396 P.2d 30

[Rehearing denied November 12, 1964]

*Hawkins, Cannon & Hawkins,* of Las Vegas, for Appellant.

*Foley Brothers,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

This matter comes before us the second time. In Milner v. Dudrey, 77 Nev. 256, 362 P.2d 439, the judgment of the trial court was affirmed with respect to the right of the surviving partner (Dudrey) to exercise the option to purchase the interest of the deceased partner, Mayme Smith, in the property and business known as the DeLuxe Motel. The judgment was reversed with respect to the amount to be paid by Dudrey for the deceased party's interest, and the cause remanded for further evidence to determine (a) the market value of all the assets of the partnership, less all liabilities, as of the date of the death of the deceased partner, and (b)

what amount of money must be paid by Dudrey as one-half of the net market value after adjustment has been made for the difference in the capital accounts of the partners, which at the time of the death had not been made equal as provided in the partnership agreement.

Upon remittitur of that case the trial court referred the two questions above to a master for determination.

Paragraph 8 of the partnership agreement provides:

"In the event of the death of either of the parties hereto the partnership shall immediately terminate and the survivor shall have the option to purchase the share of the deceased partner in the capital and assets of the partnership business as determined from an audit made by the accountant aforesaid, as of the date of death of the deceased partner, and the purchase price shall be the amount which said audit shall disclose and the good will of said business shall be regarded as a partnership asset without value. * * * In the event of such purchase the purchase price shall be due and payable in equal monthly installments of $250.00 or more, payable on the 1st day of each month until the balance shall have been paid in full, plus interest on the unpaid balance at the rate of Four Per Cent (4%) per annum."

The master reported to the court that the market value of the partnership property at the time of the death of Mayme Smith, less all liabilities, was $191,464.63; that the amount due Milner from Dudrey was $103,342.71. Appellant does not attack the master's report on this appeal.

The trial court accepted the master's report and concluded that as of November 27, 1963, the date of its judgment, Dudrey was indebted to Milner in the sum of $103,342.71, of which $19,250 was then due on principal and $4,707.78 was then due as interest at 4 percent per annum on $103,342.71 from the date of Mayme Smith's death; that the total then due on principal and interest amounted to $23,957.78; that said total of $23,957.78 would bear interest at the rate of 7 percent per annum from the date of judgment until paid; that in addition thereto Dudrey owed Milner $74,092.71 (being the balance of the purchase price) payable in installments on

principal of $250.00 per month, together with interest on the unpaid balance of the purchase price at 4 percent per annum payable monthly with the installments on the principal until the principal and interest are paid in full. Judgment was entered accordingly.[1]

Dudrey moved to amend the judgment to eliminate the provisions for a money judgment, as not being supported by the pleadings or the evidence. This motion was denied. Appeal is from the judgment and the order denying the motion to amend.

Contrary to appellant's contention, we have concluded that the trial court in entering a money judgment against Dudrey and in favor of Milner acted in accordance with our directions on remand. Consequently the order denying the motion to amend the judgment is affirmed.

Appellant maintains moreover that the court erred in allowing interest at the rate of 4 percent per annum on the said sum of $103,342.71 from the date of Mayme Smith's death to the date of the judgment which amounts to $4,707.78; that it further erred in allowing interest at the rate of 7 percent per annum on the said sum of $23,957.78, which was the amount the court found due and owing as of the date of the judgment. In these respects we agree with appellant's contentions.

NRS 99.040 provides: *"Interest rate when no express written contract.* When there is no express contract in writing fixing a different rate of interest, interest shall be allowed at the rate of 7 percent per annum upon all money from the time it becomes due, in the following cases:

1. Upon contracts, express or implied, other than book accounts.

2. Upon the settlement of book or store accounts from the day on which the balance is ascertained.

3. Upon judgments rendered by a court in this state.

---

[1]Appellant makes no complaint regarding the other provisions in the judgment.

4. Upon money received to the use and benefit of another and detained without his consent.

5. Upon wages or salary, if the same shall be unpaid when due, after demand therefor has been made."

In Sierra Pacific Power Co. v. Nye, 80 Nev. 88, 389 P.2d 387, we approved interest for a four-year period prior to the filing of the complaint because the amount was definitely ascertainable by mere mathematical calculation. Such is not the situation here. Paragraph 8 of the partnership agreement, as quoted above, provides for the determination of the purchase price of the deceased partner's share only after an audit. Until such audit was accomplished the amount to be paid for the deceased's share of the partnership was unknown. Therefore, the amount due the deceased's estate upon the exercise of the option by Dudrey was not "definitely ascertainable by a mere mathematical calculation," at the time of the deceased partner's death, as in Sierra Pacific Power Co. v. Nye. Nor was the amount due at the time of the exercise of the option known to both parties as in Dollar Investment Corp. v. Modern Market, 77 Nev. 393, 365 P.2d 311, 1117. The amount due Milner was unknown until the rendition of judgment and did not become due until then. It follows that the rule in Agricultural Insurance Co. v. Biltz, 57 Nev. 370, 64 P.2d 1042, is applicable, and therefore interest on the amount due and owing at the time of the judgment commenced to run only from the date of the judgment.

With respect to the amount of the principal to become due after judgment, to wit, the sum of $74,092.71, appellant contends that this is payable only at the rate of $250.00 per month, which amount would include both principal and interest. We do not accept this contention. We construe said Paragraph 8 (as did the lower court) to require the $250.00 monthly payments to be applied only on principal. In addition thereto monthly payments of accrued interest are required under the partnership agreement.

The judgment is modified by reducing the balance owed by appellant to respondent to the sum of $74,092.71

(being the balance of the purchase price) payable in installments on principal of $250 per month, together with interest on the unpaid balance of the purchase price at 4 percent per annum from the date of the judgment, payable monthly with the installments on the principal until the principal and interest are paid in full. As so modified, the judgment is affirmed.

BADT, C. J., and THOMPSON, J., concur.