PARADISE HOMES, INC., APPELLANT, v. CENTRAL SURETY AND INSURANCE CORPORATION, AND JOSEPH PHILLIPS, RESPONDENTS.

No. 5343

February 5, 1968                    437 P.2d 78

*Samuel S. Lionel,* of Las Vegas, for Appellant.

*Jack J. Pursel,* of Las Vegas, and *Richard A. Williams,* of San Francisco, for Respondent.

## OPINION

By the Court, COLLINS, J.:

This is a contract action. The only issue with which we are concerned on appeal involves the question of interest. The trial court limited the recovery of interest to the time of judgment. We conclude that to be error, reverse the order and remand with direction.

Paradise Homes entered into a subcontract with Jamieson Drywall and Paint Company, a partnership, wherein Jamieson agreed to perform labor and supply material to Paradise valued at $133,800. Central Surety provided a performance bond for Jamieson.

Jamieson experienced difficulty in performing its contract with Paradise. Another contract was entered into between Paradise, Central Surety and Jamieson, which allowed Paradise to complete Jamieson's work if it defaulted, in which event Central Surety would pay Paradise "all costs incurred in the completion thereof, including a reasonable cost for overhead, together with all labor paid for and materials purchased * * *." Jamieson defaulted on its contract.

Paradise completed Jamieson's subcontract work and sued Central Surety under the latter contract and upon the performance bond. After extensive hearings before a master, during which many of the items claimed by Paradise were contested, the court ordered judgment for Paradise[1] in the amount of $60,039.47 with costs. The court also found Central Surety was entitled to an offset in the amount of $3,109.50 for extra work done by Jamieson under the subcontract.

The trial judge directed that interest commence to run from the date of the judgment at the statutory rate of 7 percent per

[1] Judgment in favor of Paradise was entered also against Phillips, one of the partners. In turn judgment was entered in favor of Central Surety against Abraham and Phillips, partners with Jamieson, as indemnitors on the performance bond.

annum. Appellant urges that interest should have been allowed from the time of the filing of the suit.

Allowance of interest incident to civil litigation is a vexatious question not only in Nevada, but everywhere. There seems to be little uniformity on the matter in either the statutes, the cases, or the law of the several jurisdictions in this country.

Nevada has dealt with this question both by statute and decisions of this court. The first legislative enactment was in 1861,[2] which provided:

"When there is no express contract, in writing, fixing a different rate of interest, interest shall be allowed at the rate of ten per cent. [sic] per annum, for all moneys after they become due on any bond, bill, or promissory note, or other instrument of writing, on any judgment recovered before any court in this territory, for money lent, for money due on the settlement of accounts, from the day on which the balance is ascertained, and for money received to the use of another."

The 1861 statute was amended in 1887[3] reducing the rate of interest from ten to seven percent.

In 1917 the statute was further amended[4] to its present form. It read: "* * * When there is no express contract in writing fixing a different rate of interest, interest shall be allowed at the rate of seven per cent per annum upon all money from the time it becomes due, in the following cases:

"(a) Upon contracts, express or implied, other than book accounts." See also 1919 RL § 2499; NCL § 4322; NRS 99.040.

This court has construed these statutes in many cases, allowing pre-judgment interest on occasions but generally allowing interest only from the date of judgment.

The initial construction of Nevada's interest statute was in Flannery v. Anderson, 4 Nev. 437 (1868), a suit upon an open account wherein after concluding the trial court improperly allowed interest prior to judgment, the court observed: "* * * [T]his statute does not allow interest on money due on an open account; and it is a legal presumption that it was not the intention of the Legislature to allow it in any cases save those mentioned in the Act. The account here sued on was open and unsettled—hence under this statute no interest is recoverable on it. We know of no good reason why it should not be allowed on all money due on account from the time it

---

[2]Territorial Laws of Nevada, 1861, Chap. 34, p. 99–100, § 4.

[3]Stats of Nev. 1887, Chap. 87, p. 82.

[4]Stats. of Nev. 1917, Chap. 188, p. 351.

becomes payable, except that the Legislature has provided otherwise." Id. at 443.

In Skinker v. Clute, 9 Nev. 342 (1874), this court concluded interest prior to judgment was a proper allowance in a suit upon an open account where plaintiff's demand was admitted and the issue at the trial was the correctness of defendant's counterclaim. This court held: "The complainant prays for interest upon $314.30, from June 6, 1873. It would seem that this interest was not allowed, since the verdict is for $312.93. In the case of Flannery v. Anderson, 4 Nev. 437, it was decided under Sec. 32 (Comp. Laws) that in the absence of an express contract thereto in writing, interest was not recoverable upon money due upon an open account. The same statute declares that interest shall be allowed upon money due on the settlement of accounts from the day on which the balance is ascertained.

"In our view of this case the account was liquidated and the balance ascertained by the admissions of the answer, and interest upon the balance was, therefore, allowable." Id. at 345.

In Vietti v. Nesbitt, 22 Nev. 390, 41 P. 151 (1895), this court construed the 1887 statute, concluded the trial court had erroneously allowed interest prior to judgment and said: "Although interest is frequently allowed in actions involving torts to property, it is simply by way of damages, and in actions where the amount of damages is more or less in the discretion of the court or jury. In such cases, in the absence of special circumstances of fraud or oppression, the legal rate of interest from the time of the commission of the wrong is a safe and uniform measure of damages. (Glass Factory v. Reid, 5 Cow. 587, 609.) But this is not that kind of a case, and interest was not included as a part of the plaintiff's damages, but as an incident to the amount due him under the contract, and allowed as a matter of law. As such, it does not come within the terms of our statute (Gen. Stats., sec. 4903, as amended, Stats. 1887, p. 82) and consequently was improper." Id. at 399.

In Hobart Estate Co. v. Jones, 51 Nev. 315, 274 P. 921 (1929), the lower court's allowance of interest prior to judgment was upheld by this court when it said: "The first contention we will consider is that the court erred in giving judgment for interest on the amount due for supplies furnished. * * * [I]n view of the fact that there is no evidence before us, every presumption must be indulged that there was a showing in the lower court that the claim in question was not an unliquidated

claim as of the date from which the court ordered that it draw interest.

"Our statute provides that, when there is no express contract in writing fixing a different rate of interest, interest shall be allowed at the rate of 7 per cent per annum upon all money from the time it becomes due in certain cases, of which this is one. Stats. 1917, p. 351; 3 Rev.Laws, p. 2855, sec. 4. The complaint alleges the time when the amount sued for became due. In the circumstances we must assume that the amount claimed fell due at the time fixed by the court." Id. at 320.

In Agricultural Ins. Co. v. Biltz, 57 Nev. 370, 64 P.2d 1042 (1937), this court upheld an order of the trial court denying interest prior to judgment and said: "This stipulation [Section 4322 N.C.L.] provides methods for establishing the loss, in other words, for liquidating the claim and fixing a time thereafter for payment. But as there was no satisfactory proof of loss, or valid award, the demand was unliquidated until the rendition of judgment.

"The money did not become due under the statute until then. The statute is in harmony with the general rule that interest is not recoverable upon unliquidated demands, but is allowable only after such demands have been merged in a judgment. 33 C.J. 211.

\* \* \* \* \*

"It regards interest allowed as damages when the amount of damages is more or less in the discretion of the court. Such is not this case. Here interest is allowable only by reason of the statute." Id. at 385.

This court upheld an award of interest prior to judgment in Dollar Inv. v. Modern Market, Inc., 77 Nev. 393, 365 P.2d 311 (1961), and said: "[I]n the case before us, the contract specifically provided that the full purchase price would be due and payable, and the escrow would close on August 1, 1958. By that time the retail cost inventory had been taken and the exact amount due seller under the contract was known to both parties. Dollar did not refuse to pay because the amount due was unknown; it refused because of its claim that the contract did not correctly state the parties' intended agreement, an entirely different matter.

"NRS 99.040 provides that, upon an express contract, 'interest shall be allowed at the rate of 7 percent per annum upon all money from the time it becomes due.' The lower court was clearly correct in allowing interest from August 2, 1958." Id. at 397.

In Arley v. Liberty Mutual Fire Ins., 80 Nev. 5, 388 P.2d 576 (1964) this court again upheld an interest award as of

the date of judgment and said: "As to each and all of these three items, the respective amounts were not liquidated other than by the judgment itself. Accordingly, interest did not commence to run prior to the entry of judgment." Id. at 14–15.

In Sierra Pacific Power Co. v. Nye, 80 Nev. 88, 389 P.2d 387 (1964), this court reversed the trial court's ruling which denied interest prior to judgment and said: "The amount of overpayment within the four years prior to the filing of the complaint was definitely ascertainable by mere mathematical calculation, being the difference between the K and C rates. * * * Plaintiffs were entitled to repayment by the defendant on the date each overpayment was made, and therefore they are entitled to the statutory rate of interest from each of such dates. Id. at 96.

Finally in Dudrey v. Milner, 80 Nev. 447, 396 P.2d 30 (1964), this court modified a judgment of the trial court allowing interest prior to judgment and said: "[T]he partnership agreement, as quoted above, provides for the determination of the purchase price of the deceased partner's share only after an audit. Until such audit was accomplished the amount to be paid for the deceased's share of the partnership was unknown. Therefore, the amount due the deceased's estate upon the exercise of the option by Dudrey was not 'definitely ascertainable by a mere mathematical calculation,' at the time of the deceased partner's death, as in Sierra Pacific Power Co. v. Nye. Nor was the amount due at the time of the exercise of the option known to both parties as in Dollar Inv. v. Modern Market, 77 Nev. 393, 365 P.2d 311, 1117. The amount due Milner was unknown until the rendition of judgment and did not become due until then. It follows that the rule in Agricultural Insurance Co. v. Biltz, 57 Nev. 370, 64 P.2d 1042, is applicable, and therefore interest on the amount due and owing at the time of the judgment commenced to run only from the date of the judgment." Id. at 451.

It becomes immediately apparent that this court has attached great significance to the question of liquidated versus unliquidated damages in deciding whether interest would be allowed prior to or at judgment. Looking backward into our cases, this "rule" apparently solidified through the Agricultural Ins. Co. v. Biltz, supra, holding where it was said, "The statute [Section 4322 N.C.L.] is in harmony with the general rule that interest is not recoverable upon unliquidated demands, but is allowable only after such demands have been merged in a judgment. 33 C.J. 211."

Yet over the years this court has never undertaken to define when damages are liquidated or unliquidated which would or would not support a pre-judgment allowance of interest. We have never really considered the problem in depth or fixed a meaningful definition of the statutory words "from the time it becomes due," so that litigants and the courts could resolve the problem with reasonable certainty using a realistic yardstick of entitlement.

We must keep foremost in mind the exact problem with which we are concerned. First, there is a legislative pronouncement upon the subject. Second, we are dealing in this case only with subparagraph 1 of NRS 99.040. Third, there is involved here an express contract, in writing, wherein no different rate of interest was fixed by the parties.

At common law, no interest was allowed and it is only permissible now when authorized by statute. 47 C.J.S. Interest § 3(a). The legislature in Nevada has abrogated the common law and specifically directed that "interest *shall* be allowed at the rate of 7 percent per annum upon all money from the time it becomes due * * *.

"(1) Upon contracts, express or implied, other than book accounts." The problem centers then on the meaning of the words "from the time it becomes due."

It is beyond argument that interest is recoverable as a matter of right in actions upon contracts, express or implied, upon all money from the time it becomes due.

Three items must be determined to enable the trial court to make an appropriate award of interest: (1) the rate of interest; (2) the time when it commences to run; and (3) the amount of money to which the rate of interest must be applied. The rate of interest is set by our statute at seven percent per annum. NRS 99.040. The statute also states that interest runs from the time "money becomes due." We construe that to be the time when performance was due as resolved by the court upon trial of the cause. The amount of money to which the interest rate will be applied must be determined by the following factors: (1) if the contract breached provides for a definite sum of money, that sum; (2) if the performance called for in the contract, the value of which is stated in money or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, that sum. Pre-judgment interest shall be allowed on

the amount of the debt or money value so determined, after making all the deductions to which the defendant may be entitled. 1 Restatement of the Law, Contracts § 337 (a);[5] O'Meara v. Commercial Insurance Company, 376 P.2d 486 (N.M. 1962). See also Dollar Inv. v. Modern Market, supra; Sierra Pacific Power Co. v. Nye, supra. A seemingly different conclusion in any other Nevada case cited above is specifically overruled.

This action by Paradise against Central Surety is upon an express contract seeking money damages for its breach. The money was due when Central Surety breached the contract to pay a definite sum of money, or to render a performance the value of which in money was stated in the contract, or was ascertainable by mathematical calculations from a standard fixed in the contract or from established market prices of the subject matter. This sum when determined should be reduced by all deductions to which the defendants may be entitled. The net amount should bear interest at 7 percent per annum prior to and after judgment.

We conclude as a matter of law from the record in this case, that performance was due appellant sometime prior to commencement of its action. However, since appellant sought in the court below and here interest as of the commencement of its action, we reverse the ruling of the trial court limiting interest to the time of judgment and remand with direction to modify its judgment allowing interest to appellant at the rate of 7 percent per annum from the commencement of its action on the net amount recovered.

THOMPSON, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.

---

[5]In 1 Restatement of the Law, Contracts § 337, in addition to subparagraph (a) there is a subparagraph (b) which reads as follows: "Where the contract that is broken is of a kind not specified in Clause (a), interest may be allowed in the discretion of the court, if justice requires it, on the amount that would have been just compensation if it had been paid when performance was due." However, since the facts in this case fall squarely within the provisions of subparagraph (a) we express no opinion upon the applicability of subparagraph (b) to the law of Nevada.