An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD ALTER, A CALIFORNIA
RESIDENT,
Appellant,
vs.
RESORT PROPERTIES OF AMERICA,
A NEVADA SOLE PROPRIETORSHIP,
Respondent.

No. 59583

**FILED**

MAY 3 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a final judgment on a jury verdict and from an order denying a new trial. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Richard Alter met David Atwell, who does business as the sole proprietor of respondent Resort Properties of America and is a Las Vegas commercial real estate broker, in 2001. Over the next two and one-half years, Alter and Atwell corresponded and met to discuss Alter's acquisition of Las Vegas properties, including the Alexis Park Hotel. In May 2003, Alter negotiated the purchase of the Alexis Park for one of Alter's investment clients, L.A. Pacific. A dispute arose over commissions Atwell claimed he was entitled to, and Atwell eventually filed suit in district court arguing quantum meruit, unjust enrichment, breach of oral contract, accounting, and constructive trust claims. Although Alter and Atwell never signed a commission agreement, Atwell argued that he was entitled to a commission from Alter arising from the sale of the Alexis Park based on the parties' oral contract. At the conclusion of trial, the jury entered a verdict awarding Atwell $1.5 million in damages on his

14-17552

breach of oral contract claim. The district court separately considered Atwell's remaining equitable claims and found that Atwell was not entitled to recovery pursuant to his equitable claims, denied all of Alter's post-trial motions, and awarded Atwell prejudgment interest and attorney fees.[1] On appeal, Alter argues as follows: (1) there was insufficient evidence to support the verdict and the judgment, (2) the district court erred when it entered prejudgment interest, and (3) the district court erred when it awarded Atwell attorney fees.[2]

*Substantial evidence supports the jury's verdict in favor of Atwell as to liability; however, the amount of damages awarded is not supported by the evidence*

A broker may recover a commission if he or she can show that an employment contract existed and that he or she was the "procuring cause" of the sale. *Shell Oil Co. v. Ed Hoppe Realty Inc.*, 91 Nev. 576, 580, 540 P.2d 107, 109-10 (1975) (internal quotation omitted). Alter argues that because there was no enforceable contract, Atwell was not entitled to receive a commission and the jury's verdict was in error. This court will not overturn a verdict "if [it is] supported by substantial evidence, unless, from all the evidence presented, the verdict was clearly wrong." *Ringle v. Bruton*, 120 Nev. 82, 91, 86 P.3d 1032, 1038 (2004) (internal quotation omitted). "Substantial evidence is evidence that a reasonable mind might

_____

[1]The parties are familiar with the facts and procedural history of this case and we do not recount them further except as necessary for our disposition.

[2]Alter also challenges the district court's ruling on his motion for summary judgment, directed verdict, and a new trial, the district court's failure to use his special verdict form, and the jury's verdict on his counterclaims. After careful consideration, we conclude that Alter's arguments on these issues lack merit.

accept as adequate to support a conclusion." *Id.* (internal quotation omitted); *see also Shell Oil,* 91 Nev. at 578, 540 P.2d at 108 ("If the evidence, though conflicting, can be read to support [the verdict], this court must approve the [trier of fact's] determinations."). Generally, for a party to recover contract damages, the party must prove an enforceable contract with offer, acceptance, mutual assent, and consideration. *May v. Anderson,* 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). Alter argues that there was no enforceable contract with Atwell because the contractual terms were indefinite, there was not mutual assent, and there was no consideration.

*Contractual terms*

"A valid contract cannot exist when material terms are lacking or are insufficiently certain and definite." *May,* 121 Nev. at 672, 119 P.3d at 1257. The terms must be definite enough for the court "to ascertain what is required of the respective parties" and to "compel compliance." *Id.* Atwell testified at trial that he and Alter orally agreed that if he helped Alter close a deal on a hotel in Las Vegas, then he would receive a commission from that sale. Atwell further testified that Alter told him on more than one occasion that he would take care of Atwell if he successfully assisted Alter in his acquisition of a Las Vegas property. From this testimony, the trier of fact could reasonably determine that Alter and Atwell orally agreed that Alter would pay Atwell a commission if Alter closed a deal on a property Atwell introduced to Alter. Further, it was reasonable for the jury to determine from Atwell's testimony that Alter agreed to pay Atwell the difference between 2 percent and the .75 percent that the seller of the Alexis Park originally agreed to pay Atwell. Because the jury could reasonably ascertain what performance was required from the parties—a commission in exchange for a successful acquisition of a Las

Vegas property—we conclude that the terms of the oral contract were sufficiently definite.

*Mutual assent*

Alter next argues that there was no mutual assent. All parties to a contract must assent to its terms. *Grisham v. Grisham*, 128 Nev. ___, ___, 289 P.3d 230, 234-35 (2012). "Mutual assent is determined under an objective standard applied to the outward manifestations or expressions of the parties." *ASP Props. Grp. v. Fard, Inc.*, 35 Cal. Rptr. 3d 343, 351 (Ct. App. 2005). If the outward words and acts of the parties can reasonably be interpreted as acceptance, then mutual assent exists. *Id.* For a party's conduct to be viewed as a manifestation of his assent, the party must intend to partake in the conduct and "know[ ] or ha[ve] reason to know that the other party may infer from his conduct that he assents." Restatement (Second) of Contracts § 19(2) (1981).

In addition to Alter's promises to "take[ ] care of" Atwell, there is evidence in the record that shows that Atwell also faxed Alter a letter in which he said, "I think you know that I have tried to demonstrate my value and I have been working for you on the 'come,'" meaning that Atwell would not receive compensation until the completion of a successful property acquisition. After receiving the fax from Atwell, Alter met with Atwell and discussed other potential deals on Las Vegas properties. Thus, we conclude that sufficient evidence demonstrates the parties' mutual assent to the oral contract.

*Consideration*

Finally, Alter argues that consideration does not support a contract between him and Atwell. "Consideration is the exchange of a promise or performance, bargained for by the parties." *Jones v. SunTrust Mortg., Inc.*, 128 Nev. ___, ___, 274 P.3d 762, 764 (2012). "Consideration is

not adequate when it is a mere promise to perform that which the promisor is already bound to do." *Cnty. of Clark v. Bonanza No. 1*, 96 Nev. 643, 650-51, 615 P.2d 939, 944 (1980). Although Atwell initially testified that all of his actions were done because of his agreement with the Alexis Park's seller, Atwell further testified regarding meetings he and Alter had with other Las Vegas property owners, advice he gave to Alter, and client introductions he made. Thus, we conclude that the evidence presented demonstrated sufficient consideration.

Accordingly, because there was substantial evidence presented that adequately demonstrated acceptance, mutual assent, and consideration, we conclude that the jury could reasonably conclude that an enforceable contract existed between Atwell and Alter. *See May*, 121 Nev. at 672, 119 P.3d at 1257. Thus, we conclude that the jury's verdict in favor of Atwell as to liability was not clearly wrong. *See Ringle*, 120 Nev. at 91, 86 P.3d at 1038. However, we agree with Alter that substantial evidence does not support the amount of damages awarded to Atwell. *See Kleeman v. Zigtema*, 95 Nev. 285, 287, 593 P.2d 468, 469 (1979) (stating that a judgment must be supported by substantial evidence).

Atwell testified that he entered into negotiations with the sellers of the Alexis Park Hotel for a commission fee of 2 percent of the hotel's sale price, but that he ultimately signed an agreement with the sellers that stated that he would receive a .75 percent commission. Atwell further testified that he thought Alter understood that his commission fee was 2 percent. However, when asked whether he told Alter that he expected a 2 percent commission or whether Alter told him that he would "make the difference up," Atwell testified that "[he and Alter] never got that far." Rather, Atwell testified, that based on his relationship with

Alter, he felt that Alter would take care of him by "mak[ing] the difference up" between his stated 2 percent commission and the .75 percent commission the sellers agreed to pay. Atwell also testified that if the Alexis Park Hotel had agreed to pay him 2 percent then he probably would not have asked Alter, as the buyer, to make up the difference.

At the conclusion of the trial, the jury awarded Atwell $1.5 million in damages, representing 2 percent of the total $75 million selling price of the Alexis Park Hotel. We conclude that the amount of damages awarded is belied by Atwell's own testimony, and there was no other evidence presented to demonstrate that Alter was responsible for paying more than the remaining 1.25 percent of Atwell's 2 percent commission fee for the sale of the Alexis Park Hotel. Accordingly, we reverse that portion of the district court's judgment and remand this matter to the district court with instructions for it to recalculate the amount of damages awarded to Atwell as 1.25 percent of the sale price of the Alexis Park Hotel.

*The district court erred in awarding prejudgment interest*

Alter argues that the district court erred in awarding prejudgment interest because the damages amount was not ascertainable. Atwell argues that the sum of money was definite based on his testimony that Alter understood that his commission fee was 2 percent. This court reviews a district court's award of prejudgment interest for an abuse of discretion. *M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 916, 193 P.3d 536, 546 (2008).

"Three items must be determined to enable the trial court to make an appropriate award of interest: (1) the rate of interest; (2) the time when it commences to run; and (3) the amount of money to which the rate of interest must be applied." *Paradise Homes, Inc. v. Cent. Sur. & Ins.*

Supreme Court
OF
Nevada

(O) 1947A

6

*Corp.*, 84 Nev. 109, 116, 437 P.2d 78, 83 (1968). When a district court is awarding prejudgment interest in a breach of contract action

> [t]he amount of money to which the interest rate will be applied must be determined by the following factors: (1) if the contract breached provides for a definite sum of money, that sum; (2) if the performance called for in the contract, the value of which is stated in money or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, that sum. Pre-judgment interest shall be allowed on the amount of the debt or money value so determined, after making all the deductions to which the defendant may be entitled.

*Id.* at 116-17, 437 P.2d at 83.

Here, the parties' oral contract did not provide for a definite sum of money due to Atwell. Thus, the amount of money due "was neither definite nor readily ascertainable until judgment." *M.C. Multi-Family*, 124 Nev. at 917, 193 P.3d at 547 (affirming the district court's refusal to award prejudgment interest because a "definite amount of money" was not owed under the contract) (internal quotations omitted)). Likewise, the value of Atwell's performance was not "'ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices.'" *Paradise Homes*, 84 Nev. at 116, 437 P.2d at 83. As such, we conclude that the district court abused its discretion by improperly awarding Atwell prejudgment interest, and we reverse that portion of the judgment awarding prejudgment interest.

*The district court abused its discretion when it awarded attorney fees*

When an offer of judgment has been properly made, the district court may order a party to pay attorney fees "[i]f the offeree rejects

an offer and fails to obtain a more favorable judgment." NRCP 68(f). Before awarding attorney fees,

> the trial court must carefully evaluate the following factors: (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

*Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983). The district court may award some or all of the attorney fees requested, if warranted and after careful consideration of these factors. *Id.* at 589, 668 P.2d at 274. But the district court abuses its discretion if it awards the full amount of fees requested without considering these factors or making any "findings based on evidence that the attorney[] fees sought are reasonable and justified." *Id.* Even when awarding attorney fees less than the amount originally requested, district courts are still required to memorialize their analysis of the *Beattie* factors. *See Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1050, 881 P.2d 638, 643 (1994) (affirming an award of attorney fees even though the district court did not make "express findings" on the *Beattie* factors because the record demonstrated that "the district court judge did consider the *Beattie* factors," but cautioning the court that written support of its analysis is necessary for proper appellate review).

Although the district court in this case generally cited *Beattie*, it did not discuss any of the *Beattie* factors or express any rationale for awarding attorney fees to Atwell. As a result, we conclude that the district court abused its discretion when it arbitrarily awarded attorney

fees to Atwell without first conducting a proper analysis under the *Beattie* factors. Thus, we reverse that portion of its judgment awarding attorney fees. *See Schouweiler v. Yancey Co.*, 101 Nev. 827, 833, 712 P.2d 786, 790 (1985) (stating that this court will not reverse a district court's award of attorney fees "[u]nless the trial court's exercise of discretion is arbitrary or capricious"); *see also Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 252, 955 P.2d 661, 673 (1998) (reversing the district court's award of attorney fees for failure weigh the *Beattie* factors appropriately). On remand, the district court is instructed to re-evaluate whether attorney fees should be awarded after careful consideration of the *Beattie* factors.[3]

For the reasons set forth above, we ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court with instructions for it to conduct further proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[3]Alter also argues that the court abused its discretion in denying his motion to alter or amend the judgment. Because we reverse and remand the judgment on other grounds, we decline to address Alter's argument on this issue.

cc: Hon. David B. Barker, District Judge
Thomas J. Tanksley, Settlement Judge
Morris Law Group
Kemp, Jones & Coulthard, LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A