IN THE SUPREME COURT OF THE STATE OF NEVADA

WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC; WESTGATE RESORTS, LTD.; LIBERTY MUTUAL INSURANCE COMPANY; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; AND WESTCHESTER FIRE INSURANCE COMPANY,
Appellants,
vs.
TUTOR-SALIBA CORPORATION; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,
Respondents.

No. 75033



FILED

SEP 27 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order resolving attorney fees, costs, and interest, following remand in a contract action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Westgate Planet Hollywood Las Vegas, LLC (Westgate)[1], contracted with Tutor-Saliba Corporation (Tutor), under a modified AIA cost plus a fee construction contract with a guaranteed maximum price (the contract) to build a timeshare and multiple use project. Among other provisions, Westgate agreed to provide $100 million in tail coverage in the

---

[1]There are multiple other parties that are appellants in this case. Appellant Westgate Resorts, Ltd. filed its opening brief jointly with Westgate. Appellants Liberty Mutual Insurance Company, Fidelity and Deposit Company of Maryland, and Westchester Fire Insurance Company have joined in Westgate's briefs. For the sake of ease in a case with such a complex procedural history, and because the distinctions are not relevant to the ultimate issues in this appeal, we refer to "Westgate" only.

19-40217

owner controlled insurance program (OCIP). As the project neared completion, Westgate stopped paying Tutor. Tutor recorded a mechanics lien and sued Westgate, seeking to foreclose on the lien. Westgate counterclaimed, alleging various offsets and construction defects.

During the litigation, Westgate allowed the upper $75 million of the $100 million tail coverage in the OCIP to lapse. As a result, Tutor amended its complaint to seek damages for the OCIP lapse. The OCIP issues were bifurcated from the other issues and resolved by summary judgment against Westgate. Before the district court made a decision on the OCIP-related damages, Westgate served Tutor with an offer of judgment on the OCIP claims in the amount of $659,568. This amount accounted for the insurance premiums that Tutor incurred and a 6 percent contractor's fee due under the contract, plus an additional $10,000. However, before the time expired to accept the offer of judgment, Westgate reimbursed Tutor for the replacement premiums and contractor's fee due under the contract, thereby avoiding further breach. Nevertheless, the district court still awarded Tutor damages on the OCIP claim. Westgate ultimately appealed the award of damages and this court affirmed in part, reversed in part, vacated in part, and remanded.

On remand, both parties filed competing motions for attorney fees: Westgate, arguing that that it was the prevailing party on the OCIP claims and that Tutor failed to obtain a more favorable judgment than the $659,568 that Westgate offered; and Tutor arguing that it was the prevailing party in the litigation, given that this court only reduced its award by less than 1 percent, and thus entitled to its fees. The district court denied Westgate's motion and granted Tutor's motion for attorney fees as the prevailing party.

The district court then reassessed prejudgment interest on the total sum due to Tutor after offsetting the award to Westgate per this court's

SUPREME COURT
OF
NEVADA

(O) 1947A

order. Westgate now appeals the award of attorney fees on the OCIP claims, as well as the grant of prejudgment interest, and calculation of post-judgment interest.

*Tutor is entitled to its attorney fees for the OCIP portion of the litigation*

Westgate argues that it is not obligated to pay fees on the OCIP claims because it was the prevailing party on the OCIP issues. Further, it argues that it should have received attorney fees for the OCIP portion of the litigation based on NRCP 68(e) because it made an offer of judgment that was not accepted.[2] This court generally reviews a district court's decision awarding or denying costs or attorney fees for an abuse of discretion. *See Miller v. Jones*, 114 Nev. 1291, 1300, 970 P.2d 571, 577 (1998).

*The district court did not err in awarding fees to Tutor as a prevailing party*

The parties essentially argue whether Tutor was a "prevailing lien claimant" under NRS 108.237, given this court's remand. We first determine whether Tutor was a prevailing lien claimant on the OCIP litigation de novo. *See Barney v. Mt. Rose Heating & Air Conditioning*, 124 Nev. 821, 825, 192 P.3d 730, 733 (2008). NRS 108.237(1) states:

> The court shall award to a prevailing lien claimant . . . the lienable amount found due to the lien claimant by the court and the cost of preparing and recording the notice of lien, including, without limitation, attorney's fees, if any, and interest. The court shall also award to the prevailing lien claimant . . . the costs of the proceedings, including, without limitation, reasonable attorney's fees, the costs for representation of the lien claimant in the proceedings, and any other amounts as the court

---

[2]We note that the recent amendments to this rule do not substantively impact this decision. *See* NRCP 68 advisory committee's notes to the 2019 amendment.

may find to be justly due and owing to the lien claimant.

A prevailing party is defined as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Prevailing party*, Black's Law Dictionary (11th ed. 2019). "A lien claimant who recovers less than the amount of the lien is still the prevailing party under NRS 108.237." *Parodi v. Budetti*, 115 Nev. 236, 242, 984 P.2d 172, 176 (1999).

The district court found on summary judgment that Westgate was liable to Tutor on the OCIP claims. Thereafter, Westgate reimbursed Tutor before damages could be awarded. Tutor was thus a prevailing party under NRS 108.237 and the district court did not err by awarding attorney fees to Tutor.

*The district court did not abuse its discretion in denying Westgate fees based on its offer of judgment*

NRCP 68(e) provides that if an "offer is not accepted within 10 days after service, it will be considered rejected by the offeree and deemed withdrawn by the offeror." In exercising discretion:

> the district court must carefully evaluate the following factors: (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendant's offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

*Wynn v. Smith*, 117 Nev. 6, 13, 16 P.3d 424, 428 (2001) (quoting *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983)).

When denying Westgate's NRCP 68 motion, the district court noted that:

> Under this very-messed up case that we spent very long in trial on, in a bench trial . . . the OCIP claims

were bifurcated, and Westgate voluntarily made a payment after making the offer of judgment.

Given those facts, it is inappropriate for the Court to make a determination that Westgate is entitled to an award of fees under Rule 68.

Looking at the factors for exercising discretion to award NRCP 68 fees, we conclude that the circumstances align with the district court's reasoning, particularly considering the timing of the offer, the voluntary payment, and the extent of the litigation on the OCIP claims. Thus, we conclude that the district court did not abuse its discretion in denying Westgate fees under NRCP 68.

*The district court did not abuse its discretion in awarding prejudgment interest*

This court reviews a district court's decision regarding prejudgment interest for an abuse of discretion. *M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 916, 193 P.3d 536, 546 (2008). When awarding prejudgment interest, the district court must determine "(1) the rate of interest; (2) the time when it commences to run; and (3) the amount of money to which the rate of interest must be applied." *Paradise Homes, Inc. v. Cent. Sur. & Ins. Corp.*, 84 Nev. 109, 116, 437 P.2d 78, 83 (1968) (interpreting and applying NRS 99.040(1)). As to the second of those determinations, where multiple obligations under a contract become due at different times, the district court should determine when each obligation fell due and award prejudgment interest on each obligation from its due date. *Brandon v. Travitsky*, 86 Nev. 613, 616, 472 P.2d 353, 355 (1970). As to the third of these calculations, the amount must be determined by either a definite sum of money for which the contract provides or "if the performance called for in the contract, the value of which is stated in money or is ascertainable by mathematical calculation from a

standard fixed in the contract or from established market prices of the subject matter, that sum." *Paradise Homes*, 84 Nev. at 116, 437 P.2d at 83.

Here, the parties do not dispute the 8 percent interest rate provided for in the contract. However, Westgate argues that the amount of money to which interest would be applied, and time which interest would commence running, were unascertainable until judgment. It argues that the subcontractor involvement in the litigation caused the amount presented as due in each pay application to be different than what Tutor was ultimately awarded in the litigation. Notwithstanding these issues, we conclude that both of these interest determinations were ascertainable.

As to time, the contract provided a clear due date for payments. The district court's order awarding interest listed out each payment application on which it was awarding interest and the date each of those applications was submitted to Westgate. Thus, the time interest began to run was ascertainable before judgment. Additionally, the amount of money due could be ascertained by a mathematical calculation even if the amounts changed during the course of litigation due to offsets or other external factors. The interest calculation would have started with the amount actually due under each pay application, which is where the calculation started in the district court's order. Any offset on the cost was subtracted by the district court. Accordingly, we hold that the district court did not abuse its discretion in calculating and awarding prejudgment interest.

*The district court erred in awarding post-judgment interest on a sum that included prejudgment interest*

Westgate argues that the district court's judgment awarded compound interest, when it should have awarded simple interest. Specifically, it contends that awarding post-judgment interest on an amount that included prejudgment interest resulted in a compound award. Tutor counters that the prejudgment interest was one component of the

Supreme Court
of
Nevada

(O) 1947A

6

overall judgment award, which is allowed under Nevada caselaw, and does not result in a compound award. Thus, the parties seem to agree that the contract provides simple interest must be used to calculate prejudgment interest, and disagree on whether calculating the prejudgment interest as part of the award to thereafter calculate post-judgment interest results in a compound interest award. Accordingly, we review whether the interest awarded conformed to the contract, which is a question of law. *See Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.*, 124 Nev. 1102, 1115, 197 P.3d 1032, 1041 (2008) ("[C]ontract interpretation is a question of law, which [is] review[ed] de novo.").

We have previously defined compound interest as "[i]nterest paid on both the principal and the previously accumulated interest." *Torres v. Goodyear Tire & Rubber Co.*, 130 Nev. 22, 25, 317 P.3d 828, 830 (2014). It is also well established that compound interest is disfavored, and only allowed when provided for by agreement or statute. *Id.* That said, our statutory scheme and prior holdings clearly allow post-judgment interest on prejudgment interest because the prejudgment interest is part of the overall judgment amount. *Uniroyal Goodrich Tire Co. v. Mercer*, 111 Nev. 318, 325, 890 P.2d 785, 790 (1995), *superseded by statute on other grounds as stated in RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 121 Nev. 34, 110 P.3d 24 (2005); *State Drywall, Inc. v. Rhodes Design & Dev.*, 122 Nev. 111, 117, 127 P.3d 1082, 1086 (2006). While these two principles appear to be at odds with each other, they are mutually exclusive in a case in which interest is determined by the contract. Neither party argues, nor does the contract permit compound interest as defined in *Torres*. We hold that the district court erred in concluding $1,974,838 of prejudgment interest was subject to 8 percent in post-judgment interest. Any other conclusion would continuously compound interest over time as prohibited by NRS 17.130(2) and *Torres*.

In awarding post-judgment interest, the district court should have applied the 8 percent per annum rate that is contemplated by the contract to the principal amount of all the pay applications. This would compensate Tutor for loss of the use of money awarded in the judgment, while still complying with the terms of the contract. *See Waddell v. L.V.R.V. Inc.*, 122 Nev. 15, 26, 125 P.3d 1160, 1167 (2006) (quoting *Powers v. United States Auto. Ass'n*, 114 Nev. 690, 705, 962 P.2d 596, 605 (1998)) (noting the purpose of post-judgment interest). Thus, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
       Eleissa C. Lavelle, Settlement Judge
       Snell & Wilmer, LLP/Las Vegas
       The Faux Law Group
       McDonald Carano LLP/Las Vegas
       Bremer Whyte Brown & O'Meara, LLP/Las Vegas
       Nida & Romyn, P.C.
       Eighth District Court Clerk

---

[3]We have considered the parties' remaining arguments and conclude they are without merit.