ADOLF SCHOEPE, Appellant, *v.* PACIFIC SILVER CORPORATION, nka ALTA GOLD COMPANY, and the Estate of RUTH T. WILLIAMS, Respondents.

No. 25308

April 27, 1995                                    893 P.2d 388

564

*Matthews & Wines,* Elko, and *Burns, Wall, Smith & Mueller* and *Jack M. Merritts,* Denver, Colorado, for Appellant.

*Jenkins & Frey,* Reno, for Respondent Pacific Silver, *Noel E. Manoukian,* Gardnerville, for Respondent Estate of Ruth T. Williams.

## OPINION

*Per Curiam:*

The district court determined that Pacific Silver Corporation ("Pacific Silver") owed Adolf Schoepe ("Schoepe") $26,398.05 for 651-day rental of a 20-acre property beneath an ore-

processing mill. Schoepe appealed that decision contending that the district court erred by (1) failing to explain its method of calculating the rent; and (2) ordering the estate of Ruth T. Williams ("Estate") to receive the payment. In Schoepe v. Pacific Silver Corp., 109 Nev. 941, 860 P.2d 166 (1993), this court agreed with Schoepe and remanded the case to the district court for an explanation of how it calculated the rental value and directed the district court to require the Estate to forward the entire rent payment to Schoepe and allow Schoepe to reimburse the Estate for its rightful portion. The district court's order explaining how it calculated the rental value is the subject of this appeal.

In this appeal, Schoepe argues that the district court erred because (1) it failed to award statutory interest on the rent amount pursuant to NRS 99.040; (2) it failed to hold an evidentiary hearing upon remand; (3) its determination of rental value was not supported by substantial evidence; and (4) it failed to comply with this court's order of remand.

We conclude that the district court erred in that it should have awarded Schoepe statutory interest on the $26,398.05 rent pursuant to NRS 99.040. However, we hold that Schoepe's remaining contentions are without merit.

NRS 99.040 authorizes the award of prejudgment interest. NRS 99.040(1) states in pertinent part:

> When there is no express contract in writing fixing a different rate of interest, interest must be allowed at a rate equal to the prime rate at the largest bank in Nevada, as ascertained by the commissioner of financial institutions, on January 1 or July 1, as the case may be, immediately preceding the date of the transaction, plus 2 percent, upon all money from the time it becomes due, in the following cases:
>
> (a) Upon contracts, express or implied, other than book accounts.

This court reviewed the question of allowance of prejudgment interest in Paradise Homes v. Central Surety, 84 Nev. 109, 437 P.2d 78 (1968). In *Paradise,* this court abandoned "liquidated" or "unliquidated" tests for imposing prejudgment interest. This court stated, "[t]hree items must be determined to enable the trial court to make an appropriate award of interest: (1) the rate of interest; (2) the time when it commences to run; and (3) the amount of money to which the rate of interest must be applied." *Id.* at 116, 437 P.2d at 83.

The *Paradise* court noted that the interest rate is fixed by NRS 99.040. *Id.* The court also noted that interest runs from the time

"money becomes due." *Id.* (citing NRS 99.040). "We construe that to be from the time when performance was due as resolved by the court upon the trial of the cause." *Id.*

According to *Paradise,* prejudgment interest is recoverable as a matter of right in actions upon contracts for all money from the time it becomes due. *Id.* In the case at hand, Pacific Silver and Schoepe had a contractual relationship. The rent due was based upon this contractual relationship. Specifically, the original contract between Lion Hill Mines (Schoepe's predecessor-in-interest) and Pacific Silver states that should Pacific Silver elect to terminate the installment contract, "Lion Hill agrees to grant Pacific Silver a one-year period during which the parties will endeavor to negotiate a mutually acceptable and agreeable *ground rental fee* or purchase price for the land." In light of this contract, the district court determined that the rental fee for the land for the applicable period was $26,398.05. Pursuant to NRS 99.040, Pacific Silver owes Schoepe prejudgment interest on the $26,398.05. Thus, we conclude that the district court erred in failing to award Schoepe prejudgment interest on the $26,398.05.

*Paradise* sets forth three factors to determine the amount of prejudgment interest due. Two of these three factors are easily determined. First, the rate of interest is clear. NRS 99.040 dictates that the prime rate on January 1 or July 1 preceding the transaction[1] plus two percent is the proper interest rate for prejudgment interest. The third factor, the amount to which the interest rate is applied, is the amount of rent owed to Schoepe, $26,398.05. The second factor, however, "the time from which the money becomes due" is not easily ascertained on these facts.[2] This court has held that the date from which the money becomes due is to be determined by the trial court. Paradise Homes v. Central Surety, 84 Nev. 109, 116, 437 P.2d 78, 83 (1968). We conclude that this is a matter for the district court to determine on remand.[3]

---

[1]The transaction is the original signing of the contract.

[2]*The date the money became due* is most likely from October 1, 1986, the date upon which Pacific Silver terminated its installment contract with Schoepe and opted to purchase the property. Prejudgment interest would be assessed from October 1, 1986 until the district court declared that the amount of rent PSC owed to Schoepe was $26,398.05 on October 21, 1991.

[3]Schoepe requests not only that this court remand this case for an assessment of statutory interest, but that the remand specify that: (1) statutory interest be calculated pursuant to NRS 99.040; (2) interest be calculated on the same basis that the rent was actually paid under the Pacific Silver/Jamestown contract (pre-payment for six months in advance); and (3) interest be calculated to the date of the new judgment entered pursuant to this court's remand.

We agree that statutory interest should be calculated pursuant to NRS

Furthermore, Pacific Silver's contention that Schoepe waived his right to prejudgment interest by failing to request it in earlier proceedings is without merit. This court has held that interest is recoverable as a matter of right upon money due from contracts. *Id.*; *see also* Clark County v. Mullen, 91 Nev. 172, 175, 533 P.2d 156, 158 (1975) (stating that the language of NRS 99.040 is mandatory). Moreover, a claim for prejudgment interest would have been premature prior to this appeal. When the district court originally determined that the rent due to Schoepe was $26,398.05, it failed to give an explanation of how it calculated the amount. For all that Schoepe knew, that sum could have included prejudgment interest. As noted earlier, Schoepe appealed and this court remanded to the district court for an explanation of how it arrived at the rental value. Schoepe v. Pacific Silver Corp., 109 Nev. 941, 860 P.2d 166 (1993). The district court's order explaining its earlier decision makes it clear that prejudgment interest is not included in the amount.

We have carefully considered the other issues that Schoepe has raised on appeal and conclude that they lack merit. In view of the district court's failure to award prejudgment interest on the rent amount that Pacific Silver owes to Schoepe, we reverse the district court's order and remand for proceedings consistent with this opinion.

---

99.040. However, with regard to Schoepe's second and third requests, we leave those to the district court to determine upon remand.