86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ERNST HOME CENTER, INC., a Washington corporation, Plaintiff-Appellee,
v.
The GLENBROOK COMPANY, a Nevada corporation, Defendant-Appellant.
ERNST HOME CENTER, INC., a Washington corporation,
Plaintiff-Appellant/Cross-Appellee,
v.
The GLENBROOK COMPANY, a Nevada corporation,
Defendant-Appellee/Cross-Appellant.
 Nos. 95-15397, 95-15410.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1996.
Decided May 23, 1996.
As Amended on Denial of Rehearing July 17, 1996.
 
 1
 Before: BROWNING, NOONAN, Circuit Judges, and MERHIGE*, District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 The Glenbrook Company (Glenbrook) appeals an award of $175,617.75 in favor of Ernst Home Center, Inc. (Ernst) for costs incurred in beginning construction on the building Ernst planned to occupy as tenant in Glenbrook's new shopping center in Carson City, and an award of $182,588.55 for Ernst's attorney's fees and costs. We AFFIRM both awards including prejudgment interest, the denial of attorney's fees to Glenbrook and the denial of Ernst's motion for supplemental attorney's fees and additional costs.
 
 FACTS
 
 4
 Glenbrook signed Ernst as an anchor tenant in a shopping center Glenbrook was developing in Carson City, Nevada. The lease obligated Ernst to build and Glenbrook, the landlord, to pay for the building Ernst was to occupy as tenant. Under paragraph 14.7 of the lease Glenbrook's obligation to pay a construction allowance was "contingent upon Landlord obtaining financing reasonably satisfactory to Landlord." If Glenbrook did not advise Ernst "in writing by March 1, 1991 that it has obtained such financing" Ernst could elect, by written notice to Glenbrook, to terminate the Lease. The contingency also provided that if Ernst elected so to terminate the Lease Glenbrook would pay "all costs incurred by [Ernst] in connection with construction of the Building."
 
 
 5
 The lending market was tight and Glenbrook had trouble finding financing. On February 20, 1991 Glenbrook wrote to Ernst: "We believe that we may have financing" with Bank of the West ("the Bank"). Ernst did not respond to the letter's request to indicate in writing that the Lease's March 1 financing deadline be extended until April 30th.
 
 
 6
 Ernst was eager to open its doors before its competitor, who was building directly across the street. Once the Bank issued a loan proposal Ernst paid $4,000 to accelerate the appraisal process. The Bank approved the loan on April 16. Before the Bank issued the loan documents Ellis Kantor and Rob King of Ernst and Randy Nahas of Glenbrook exchanged several telephone calls. The parties disagree as to what was said. Nahas testified to saying Glenbrook did not yet have the loan documents and raising concerns about mechanics liens if construction began before the loan papers were filed. Kantor testified that Nahas only raised minor concerns such as title insurance and the permit. On April 23 Ernst told its contractor to proceed with construction after a May 3 pre-construction meeting.
 
 
 7
 Kantor and Nahas talked by telephone again on April 25. Ernst claims that Kantor asked Nahas to confirm that the financing contingency was satisfied. Glenbrook says that Kantor requested a letter on the current status of the loan. Glenbrook sent a letter that same day confirming the call:
 
 
 8
 In conformance with Paragraph 14.7 ... [Glenbrook] has obtained the approval of a construction loan from Bank of the West as of April 16, 1991....
 
 
 9
 This notice comes approximately one month and sixteen days after the March 1, 1991 deadline for obtaining financing. Will you please acknowledge, at the bottom of this letter, that it is not Ernst's intention to cancel the lease under this provision and fax it back to me. I will send the original to you for your signature.
 
 
 10
 I hope this meets your needs. I know it meets mine.
 
 
 11
 The letter did not mention whether Glenbrook had or had not signed or approved the loan documents, or whether the loan was reasonably satisfactory to Glenbrook. By May 3 Glenbrook was aware that construction had begun, but neither party's counsel knew until May 8.
 
 
 12
 The district court found that on May 9 Glenbrook's lawyer advised counsel for Ernst that the April 25 letter constituted notice under the lease "that financing had been obtained and, therefore, Ernst could commence construction." Glenbrook received 280 pages of proposed loan documents on May 10. The next day Glenbrook concluded the loan was unacceptable and told the contractor to stop construction. Construction halted on May 13.
 
 
 13
 Glenbrook continued to negotiate the loan with the Bank. On May 16 Ernst wrote to Glenbrook that Ernst would terminate the lease on May 24 unless Glenbrook provided notice by then that Glenbrook had obtained financing and would pay past and future construction costs. In a May 29 letter Glenbrook accepted Ernst's offer to terminate the lease.
 
 PROCEEDINGS
 
 14
 Ernst brought the present suit against Glenbrook to recover its construction costs. Prior to trial Glenbrook extended two settlement offers, the first for $90,000 "with costs incurred to date." Ernst rejected this offer on May 4, 1992, in part because the offer did not provide for attorney's fees or litigation costs. Glenbrook's second offer, dated May 7, 1992 was for $210,000 "with costs incurred to date." Ernst responded on May 11 by writing to ask if the $210,000 included litigation costs and attorney's fees. On May 11 Glenbrook sent two letters to Ernst. The first letter withdrew the $210,000 offer and stated that the $90,000 offer remained open through that day. The second letter specified that the $90,000 offer did not include costs or attorney's fees. On May 15, 1992 Ernst accepted the $210,000 offer and filed a "Notice of Intent to Seek Attorney's Fees". On May 22, 1992 Glenbrook filed a Motion to Strike Ernst's Purported Acceptance. At hearing on the motion the court concluded Glenbrook had made and Ernst had accepted an irrevocable offer of $210,000, but that the offer and acceptance "lacked mutual assent" because the parties understood "costs" differently. Thus, the court found, the offer and acceptance did not bind the parties and trial was appropriate. Glenbrook made no further offers of judgment.
 
 
 15
 On September 29, 1994 the district court entered judgment for Ernst of $175,617.75, plus prejudgment and post-judgment interest and attorney's fees. Ernst moved for supplemental fees and costs in October 1994. On December 23, 1994 the court ordered attorneys' fees and costs for Ernst of $182,588.55 and denied Ernst's motions for supplemental attorney's fees. That order also denied Glenbrook's post-trial motion for fees.
 
 ANALYSIS
 
 16
 In a federal diversity action, this court applies a federal standard of review but applies state substantive law, reviewing de novo questions of state law. Nevada VTN v. General Ins. Co. of America, 834 F.2d 770, 773 (9th Cir.1987). A denial of attorney's fees is reviewed for an abuse of discretion. Monrad v. FDIC, 62 F.3d 1166, 1171 (9th Cir.1995). If any elements of legal analysis and statutory interpretation figure in the fee decision, those elements are reviewed de novo. Franklin Financial v. Resolution Trust Corp., 53 F.3d 268, 273 (9th Cir.1995). A denial of costs is reviewed for abuse of discretion. Washington State Dept. of Transp. v. Washington Natural Gas Co., 59 F.3d 793, 806 (9th Cir.1995).
 
 
 17
 Termination of The Lease. Applying Nevada law this court construes unambiguous contract language "according to its plain meaning and usage." Nevada VTN, 834 F.2d at 773. The lease must be read as a whole to "give a reasonable and harmonious meaning and effect to all its provisions." Id. Because the terms of paragraph 14.7 are not ambiguous, the district court properly did not look beyond the terms of the contract when interpreting paragraph 14.7.
 
 
 18
 The district court did not err in concluding that the May 24th termination terminated the lease under paragraph 14.7, and that paragraph 14.7 limits Glenbrook's liability to construction costs. Lease paragraphs 14.5 and 14.7 make Glenbrook responsible for construction costs. No lease provisions make Ernst responsible for construction costs. Construing the contract as a whole it is clear that only Glenbrook assumed responsibility for construction costs. Nothing in the lease limits those costs to expenses incurred before full commencement of construction. The district court correctly concluded that Glenbrook bore full responsibility for all construction costs incurred by Ernst through May 24th.
 
 
 19
 Glenbrook's Attorney's Fees. Glenbrook made an offer of judgment in the amount of $210,000 prior to trial. It is argued whether in determining the effect of this for Federal Rule of Civil Procedure 68 or NRS 17.115(4) applies. In a diversity suit state rules on the award of attorney's fees are valid unless they run counter to federal law. Aleyska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259, n. 31 (1975). Under NRS 17.115(4) Nevada does not include costs in determining whether the offer of judgment is greater than the judgment obtained. Federal courts compare the amount of the offer against the judgment actually received plus costs accrued to the date of offer. Marek v. Chesny, 473 U.S. 1, 9-10, n. 2 (1985). In our case the lease, paragraph Twenty-Second defined costs as "all costs incurred ... in such litigation, plus reasonable attorneys' fees (including on appeal and including paralegal fees) to be fixed by the court." Ernst's judgment of $175,617.75, plus its costs of the date of the offer (over $125,000 in costs including attorney's fees) far exceed Glenbrook's offer of $210,000. We follow the federal rule in holding that Glenbrook's offer did not exceed what Ernst obtained by trial. The district court reached the correct result in denying Glenbrook's motion for fees and costs and in declining to apply the fee-shifting mechanism of NRS 17.115(4).
 
 
 20
 Prejudgment Interest. Glenbrook objects to the award of prejudgment interest arguing that the lease provides only for post-judgment interest. The lease specifies a 12% rate of interest on all costs incurred in the litigation "from the date of judgment until paid." The lease shows no clear intention of the parties to include or exclude prejudgment interest. Nevada Revised Statutes 99.040 provides:
 
 
 21
 When there is no express contract in writing fixing a different rate of interest, interest must be allowed at a [rate to be determined] ... upon all money from the time it becomes due ... (a) Upon contracts, express or implied ...
 
 
 22
 Case law also provides that "prejudgment interest is recoverable as a matter of right in actions upon contracts for all money from the time it becomes due." Schoepe v. Pacific Silver Corp. 893 P.2d 388, 389 (Nev.1995) This court, construing NRS 99.040, has acknowledged that Nevada law provides "that where there is no express contract fixing a different rate of interest, interest must be allowed at the rate of 12% upon all money "from the time it becomes due." In re Sigel & Co., Ltd., 923 F.2d 142, 146 (9th Cir.1991). The construction costs eventually awarded to Ernst were known well before trial and owed as of the termination of the lease. The district court did not abuse its discretion in awarding prejudgment interest.
 
 Ernst's Cross Appeal
 
 23
 Ernst cross appeals the district court's denial of Ernst's motion for additional costs and supplemental attorney's fees incurred in opposing Glenbrook's post-judgment motions. The court denied Ernst's motion summarily. The district court was familiar with all the factors. We hold that it did not abuse its discretion.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3