Vincent McCALLA, Plaintiff–Appellee,

v.

**ROYAL MacCABEES LIFE INSURANCE COMPANY, Defendant–Appellant.**

No. 02–17051.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.[*]

Filed June 3, 2004.

C. Mark Humbert, Pohls & Humbert, Walnut Creek, CA, for the defendant-appellant.

George F. McNally, The McNally Law Firm, Reno, NV, for the plaintiff-appellee.

Before T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

BERZON, Circuit Judge.

The primary question in this case is whether revising a judgment to include mandatory prejudgment interest is a correction of a clerical error within the meaning of Federal Rule of Civil Procedure 60(a), which sets no time limit within which correction must occur. We hold that such a motion is not a correction of a clerical error, but is instead an alteration or amendment of the judgment under Federal Rule of Civil Procedure 59(e), which

---

[*] This case was submitted for decision without oral argument.

requires that the motion be filed no later than ten days after entry of the judgment.

Here, the district court granted Vincent McCalla's postjudgment motion for prejudgment interest although the motion was made nearly three years after judgment was entered. We reverse the order granting prejudgment interest.

## I

The facts underlying the substantive dispute in this case are unimportant to the present appeal. Briefly: McCalla purchased a disability insurance policy from Royal MacCabees in 1992 but omitted seemingly important information during the application process. When McCalla contracted Lyme disease in 1996, Royal MacCabees sought to rescind the policy on the ground that McCalla's omissions were fraudulent; under the policy, nonfraudulent omissions would not suffice for rescission. McCalla sued for, *inter alia*, breach of contract. A jury found that the omissions were not fraudulent and issued a verdict for $236,504 in favor of McCalla.

Early on in the litigation, the district court entered the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between the parties through their respective counsel herein, that the applicable choice of law and all related issues as it pertains to Plaintiff's Complaint, Defendant's Answer, Defendant's Counterclaim and Plaintiff's Reply to Counterclaim shall be in accordance with California law.

Judgment was entered on March 2, 1999. The judgment was silent as to prejudgment interest. An appeal and cross-

appeal to the Ninth Circuit challenging the judgment followed. This court affirmed the decision of the district court in an unpublished order, filed in July 2001.

On January 7, 2002, McCalla moved under Rule 60(a) for prejudgment interest, relying upon Nevada Revised Statutes § 17.130.[1] Opposing the motion, Royal MacCabees argued that Rule 59, not Rule 60, governs postjudgment motions for prejudgment interest, and that McCalla's motion was untimely because it was filed after Rule 59(b)'s ten-day deadline. In addition to insisting that his motion was properly characterized as a Rule 60(a) motion, McCalla argued, in the alternative, that Nevada law governs. He contends that Nevada law allows a prevailing plaintiff to move for prejudgment interest at *any time*, rendering inapplicable any federal filing deadline for his motion.

After briefing and argument, the district court granted the motion for prejudgment interest, stating:

Plaintiff's application for prejudgment interest is allowed in accordance with the provisions of NRS 17.130. The court concludes that the choice of law stipulation entered into by the parties does not preclude plaintiff's entitlement to the judgment interest.

## II

Whether state or federal law applies to determine the amount and availability of prejudgment interest, and whether, if federal law applies, such a motion falls under Rule 59(e) or under Rule 60(a) are both purely legal questions, reviewed de novo. *See Torre v. Brickey*, 278 F.3d 917, 919 (9th Cir.2002) (reviewing *Erie R.R. Co. v.*

---

1. Nevada Revised Statutes § 17.130(2) provides, with regard to the amount of prejudgment interest, "When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest from the time of service of the summons and complaint until satisfied ... at a rate equal to the prime rate at the largest bank in Nevada ... plus 2 percent...."

*Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), question de novo); *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 173–78, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989) (analyzing de novo the question whether motion was governed by Rule 59).

As the motion for prejudgment interest was first made under Rule 60(a), we initially decide whether, assuming that federal law does govern, McCalla's postjudgment motion for prejudgment interest would be governed by Rule 59 or by Rule 60. After that, we consider McCalla's alternative proposition, apparently acceded to by the district court, that Nevada law governs the timeliness issue.

*A. Federal Law*

Rule 59(e) of the Federal Rules of Civil Procedure requires that motions to alter or amend a judgment be filed "no later than 10 days after entry of the judgment." By contrast, a Rule 60(a) motion to correct "[c]lerical mistakes in judgments" may be brought "at any time." McCalla maintains that Rule 60(a) applies when adding mandatory prejudgment interest; Royal Mac-Cabees argues for Rule 59(e).

The Supreme Court addressed the application of Rule 59(e) to a motion for discretionary prejudgment interest in *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). The Court's analysis in *Osterneck* began with a short, but important, summary of the role Rule 59(e) plays in federal practice:

> Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to "alter or amend the judgment" shall be served within 10 days of the entry of judgment. Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that a notice of appeal filed while a timely Rule 59(e) motion is pending has

> no effect. Together, these Rules work to implement the finality requirement of 28 U.S.C. § 1291 by preventing the filing of an effective notice of appeal until the District Court has had an opportunity to dispose of all motions that seek to amend or alter what otherwise might appear to be a final judgment.

*Id.* at 173–74, 109 S.Ct. 987.

■ Because Rule 59(e) motions are the type of motions that ought to be ruled on by the district court before jurisdiction passes to the court of appeals, "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174, 109 S.Ct. 987 (quoting *White v. N.H. Dep't of Employment Sec.,* 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982)). Distinguishing postjudgment motions for costs and attorneys' fees, *Osterneck* held that a postjudgment motion for discretionary prejudgment interest falls under Rule 59(e); because, unlike attorneys' fees and costs, "prejudgment interest traditionally has been considered part of the compensation due plaintiff." *Id.* at 175, 109 S.Ct. 987. Moreover, because a ruling on discretionary prejudgment interest can require an examination of matters such as the availability of alternative investment opportunities to the plaintiff and the plaintiff's delay in bringing the suit, such a ruling is not "wholly collateral to the judgment in the main cause of action." *Id.* at 176, 109 S.Ct. 987 (quoting the test from *Buchanan v. Stanships, Inc.,* 485 U.S. 265, 268–69, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988), which held that a motion for costs was not a "motion to alter or amend the judgment" under Rule 59(e)).

Although the parties disagree whether California or Nevada law governs this

case,[2] they have both litigated on the shared premise that prejudgment interest is mandatory, not discretionary. It is not self-evident that this premise is correct. The Nevada prejudgment interest statute is undoubtedly mandatory. *See* NEV. REV. STAT. § 17.130(2) (quoted *supra* at note 1). The California statute, by contrast, is, as written, ambiguous:

> (a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt....
>
> (b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.

CAL. CIV. CODE § 3287. If McCalla's claim falls within subsection (a) of section 3287, he seeks mandatory prejudgment interest. If it falls within subsection (b), he only seeks discretionary interest, and this case falls within *Osterneck* 's clear holding.

McCalla's claim for payment of insurance benefits would appear to fall within subsection (b) if dependent upon a factual determination concerning the date upon which the right to recover benefits vested, or upon other variables. The case law interpreting section 3287 provides, however, that contract damages can be "certain, or capable of being made certain" as that term is used in subsection (a), even though they can be computed by more than one

method. *See Leff v. Gunter,* 33 Cal.3d 508, 189 Cal.Rptr. 377, 658 P.2d 740, 748 (1983). We need not further pursue the question which subsection applies, as Royal MacCabees has acceded from the outset to the assertion that prejudgment interest here is mandatory, not discretionary. We therefore proceed on the assumption made by the parties that if California law applies, it is subsection (a) of the California prejudgment interest statute that is pertinent, and that the prejudgment interest provision pertinent to this case is therefore mandatory, no matter which state's law applies.

■ Even on that assumption, we follow *Osterneck* and conclude that it is Rule 59(e) that governs. Although *Osterneck* involved *discretionary* prejudgment interest, the Court specifically addressed whether this feature was determinative of its holding and stressed that it was not:

> We do not believe the result should be different where prejudgment interest is available as a matter of right. It could be argued that where a party is entitled to prejudgment interest as a matter of right, a reexamination of issues relevant to the underlying merits is not necessary, and therefore the motion should be deemed collateral in the sense we have used that term. However, mandatory prejudgment interest, no less than discretionary prejudgment interest, serves to "remedy the injury giving rise to the [underlying] action," *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 200, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), and in that sense is part of the merits of the district court's decision. Moreover, as we said last Term in *Budinich:* "[W]hat is of importance here is not preservation of conceptual consistency in the status of a particular [type of motion] as 'merits' or 'nonmerits,' but rather preservation of operational consistency and predict-

**2.** As it is unnecessary for us to resolve this dispute, we do not. *See infra* note 4.

**1132**

ability in the overall application of the[finality requirement] of § 1291." *Ibid.* "Courts and litigants are best served by the bright-line rule, which accords with traditional understanding," *ibid.,* that a motion for prejudgment interest implicates the merits of the district court's judgment.
489 U.S. at 176–77 n. 3, 109 S.Ct. 987 (parallel citations omitted).

■ McCalla, and the district court, characterize this footnote as dicta that we are free to disregard. We do not agree. As we have often stated, "We do not treat considered dicta from the Supreme Court lightly." *United States v. Montero-Camargo,* 208 F.3d 1122, 1132 n. 17 (2000) (en banc). Rather, we treat such dicta with "due deference," as it serves as a "prophecy of what that Court might hold." *See id.* (quoting *United States v. Baird,* 85 F.3d 450, 453 (9th Cir.1996), and *Zal v. Steppe,* 968 F.2d 924, 935 (9th Cir.1992) (Noonan, J., concurring and dissenting)).

Here, the Supreme Court's discussion of mandatory prejudgment interest, while not essential to its result, was extensive and definitive. Moreover, the *Osterneck* footnote was a forward-looking statement by a unanimous Court, intended to establish a straightforward rule to guide the course of litigation in future cases.

As the Court noted in its careful footnote, the law governing the finality of judgments is an area especially requiring the establishment of orderly, predictable, bright-line rules. 489 U.S. at 177 n. 3, 109 S.Ct. 987. It is for that reason, it appears, that the Court took the trouble to explain the application of the rule it adopted to a somewhat different situation, and it is for that reason as well that we should be particularly hesitant to decline the Supreme Court's guidance.[3]

Even if we were to view the question afresh, we would reach the same result the Supreme Court indicated in *Osterneck.* The single-rule regime foreseen by *Osterneck* has a great deal to recommend it, as the circumstances of this case well illustrate. Under that unitary, bright-line approach, it is not necessary to expend the resources of litigants and federal courts evaluating whether a particular prejudgment interest provision is "mandatory" or "discretionary"—a question that could have arisen in this very case with regard to the California prejudgment interest statute at issue, as just noted—simply to determine a filing deadline.

Further, this case also illustrates why applying Rule 59(e) furthers the primary purpose of a finality rule, precluding piecemeal appeals. Here, there was already one round of appeals to the Ninth Circuit. Had McCalla moved for prejudgment interest within 10 days of the judgment from which he originally appealed, the district court would have ruled on the motion before that judgment became final. The prior Ninth Circuit panel could then have addressed any issues pertaining to prejudgment interest—including, for example, the question whether Nevada or California law applies to prejudgment interest, which could affect the amount of interest. *Compare* NEV. REV. STAT. § 17.130(2) (providing for an interest rate of "the prime rate at the largest bank in Nevada as ascertained by the commissioner of financial institutions on January 1 or July 1, as the case may be, immediately preceding the date of judgment, plus 2 percent") *with* CAL. CIV.

**3.** Not surprisingly, many of our sister circuits have adopted the *Osterneck* footnote. *See, e.g., Pogor v. Makita U.S.A., Inc.,* 135 F.3d 384, 387–88 (6th Cir.1998); *Kosnoski v. How-* *ley,* 33 F.3d 376, 378 (4th Cir.1994); *Capstick v. Allstate Ins. Co.,* 998 F.2d 810, 813 (10th Cir.1993). None has rejected it.

CODE § 3289(b) (providing for a 10 percent annual interest rate for breach of contract claims when the contract itself does not stipulate a rate of interest). By arguing for an open-ended time period within which a district court may add prejudgment interest to the judgment, McCalla seeks authority to ask a second Ninth Circuit panel to rule on an issue that could have been decided by the first.

McCalla's attempts to distinguish *Osterneck* fall short. *First,* McCalla argues that 28 U.S.C. § 1291's finality requirement is not implicated in this case. Although it is true that "[n]o one disputes that the judgment was final," the real concern here—that the original judgment would not have become final had McCalla filed a timely Rule 59(e) motion—is one of duplicative appeals, and is certainly implicated by § 1291's finality requirement. That a Rule 60(a) motion can be filed at any time does not change this conclusion. Rule 60(a) pertains to "[c]lerical mistakes," which by definition should not generate appeals. By contrast, Rule 59(e), when applied with "operational consistency," *Osterneck,* 489 U.S. at 177 n. 3, 109 S.Ct. 987, will ensure that any appeal will be filed at the appropriate time—here, three years ago—so this court can hear one appeal rather than two.

*Second,* McCalla cites to *Pogor v. Makita U.S.A., Inc.,* 135 F.3d 384 (6th Cir.1998), *Kosnoski v. Howley,* 33 F.3d 376 (4th Cir. 1994), and *McNickle v. Bankers Life & Cas. Co.,* 888 F.2d 678 (10th Cir.1989), for the proposition that when the postjudgment motion is not the original *request* for prejudgment interest, *Osterneck* is inapplicable and Rule 60(a) may be used to amend the judgment. He then notes that his original request for prejudgment interest was made, not in his Rule 60(a) motion, but in his complaint (through a general prayer for "statutory allowed interest").

Although these three cases indeed distinguish *Osterneck,* they do not stand for the proposition that McCalla asserts. Rather, these cases hold that Rule 60(a) governs postjudgment motions for prejudgment interest when the original judgment explicitly allows for prejudgment interest but fails to specify the precise dollar value of interest, provided that the amount can be calculated later with relative certainty. *See Pogor,* 135 F.3d at 388 ("We agree that Rule 60(a) applies under the circumstances found in this case where the language of the judgment awards interest as required by law but leaves the actual calculations for later."); *Kosnoski,* 33 F.3d at 378 ("This case is thus unlike *Osterneck* because the motion to fix interest was not an *initial* request for interest but rather a request that the court clarify the appropriate amount of interest *previously and properly awarded.*"); *McNickle,* 888 F.2d at 682 ("By their Rule 60(a) motion, the plaintiffs essentially requested the court to insert the omitted particulars of the prejudgment interest award."). Thus, these cases more closely resemble a situation involving a clerical error—neglecting to calculate the proper amount of interest—than does the present case, in which it is uncertain whether prejudgment interest is available at all.

The district court's original judgment in this case did not award prejudgment interest. Moreover, to allow McCalla to file his prejudgment interest motion pursuant to Rule 60 merely because his complaint contained a request for prejudgment interest would vitiate the "operational consistency" in the application of Rule 59(e) that *Osterneck* sought to promote. The question whether a pending postjudgment motion for prejudgment interest made a timely filed notice of appeal ineffective under Federal Rule of Appellate Procedure 4(a)(4) would then turn on whether the

complaint included a request for prejudgment interest, a matter often subject to some debate (as could be the case here, where there was no such explicit request). McCalla's attempt to distinguish *Osterneck* must therefore fail.

We conclude that if federal law determines the deadline for the filing of a postjudgment motion for prejudgment interest, Rule 59(e), not Rule 60(a), is the applicable Federal Rule.

*B.  Choice of Law*

■ The district court apparently thought, however, that state law, not federal law, supplies the relevant filing deadline. In support of this conclusion, McCalla maintains that Nevada law, as stated in *Schoepe v. Pacific Silver Corp.*, 111 Nev. 563, 893 P.2d 388 (1995), allows a litigant to make a postjudgment motion for prejudgment interest at any time, and trumps Federal Rule 59(e)'s 10 day deadline. This argument rests on a debatable premise regarding Nevada law and, in any event, must fail, because federal law, not state law, provides the relevant filing deadline.[4]

It is, in the first place, quite questionable whether *Schoepe* actually goes as far as McCalla claims. In that case, the plaintiff, Schoepe, had appealed the district court's judgment twice. 893 P.2d at 388–89. In the first appeal, he sought a remand of the district court's judgment in his favor for $26,398.05 for an explanation of the basis of the award. *Id.* at 388. After the case was so remanded, he appealed again, this time seeking mandatory prejudgment interest that the district court had failed to

award. *Id.* at 389. The Nevada Supreme Court rejected the defendant's argument that Schoepe had waived prejudgment interest by failing to appeal the first time around the failure to award such interest, stating:

> This court has held that interest is recoverable as a matter of right upon money due from contracts. Moreover, a claim for prejudgment interest would have been premature prior to this appeal. When the district court originally determined that the rent due to Schoepe was $26,398.05, it failed to give an explanation of how it calculated the amount. For all that Schoepe knew, that sum could have included prejudgment interest.... The district court's order explaining its earlier decision makes it clear that prejudgment interest is not included in the amount.

*Id.* at 390 (citations omitted).

This passage is ambiguous as to whether the two stated grounds for denying the defendant's argument are alternative or whether both are necessary. It would have been odd, however, for the court to focus on Schoepe's inability previously to contest the trial court's failure to award prejudgment interest, if the right to mandatory prejudgment interest was simply not waivable. Moreover, although Royal MacCabees does not raise this point, Nevada's Rule of Civil Procedure 59(e), which is nearly identical textually to the federal rule,[5] may serve to place a 10–day deadline on postjudgment motions for prejudgment interest filed in Nevada court; *Schoepe*

---

4.  Because our holding that Rule 59(e), a provision of federal law, supplies the relevant motion filing deadline is sufficient to resolve this appeal, we do not decide the parties' dispute as to whether, for those matters where state law does apply, California or Nevada law governs.

5.  *Compare* NEV. R.CIV. P. 59(e) ("A motion to alter or amend the judgment shall be served not later than 10 days after service of written notice of entry of the judgment.") *with* FED. R. CIV P. 59(e) ("Any motion to alter or amend the judgment shall be filed no later than 10 days after entry of the judgment.").

may simply be an application of this rule to a circumstance in which it was not possible to complain about the components of the award until after the trial court explained the judgment. We therefore seriously question whether Nevada law is in fact as McCalla says it is.

In the end, though, it does not matter what deadline, if any, applies under Nevada law, because Rule 59(e), not state law, governs. *Freund v. Nycomed Amersham,* 347 F.3d 752 (9th Cir.2003), dealt with an analogous question—whether Federal Rule of Civil Procedure 50(a)'s requirement that a defendant move for judgment as a matter of law at the close of the plaintiff's evidence trumps California's rule that the appealability of a punitive damages award is not waivable. *Freund* all but controls the decision in this case.

*Freund* began its choice of law analysis by stating the rule announced in *Hanna v. Plumer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965): when a Federal Rule of Civil Procedure is on point, it, not the state law, governs, so long as it does not run afoul of the Rules Enabling Act. *See Freund,* 347 F.3d at 761; *see also* 28 U.S.C. § 2072 (providing that the Federal Rules may not "abridge, enlarge, or modify any substantive right"). The court then reasoned:

> The California rule that collides with Federal Rule 50 in this case is not a substantive rule that would be modified by the application of the federal rule. The no-waiver rule set forth by the California Supreme Court ... does not in itself create any substantive right. It does not add, subtract, or define any of the elements necessary to justify punitive damages; it merely establishes when and how those pre-existing substantive rules can be reviewed. Thus, in

overriding the California no-waiver rule, Federal Rule 50 does not run afoul of the Rules Enabling Act, because its application "affects only the process of enforcing litigants' rights and not the rights themselves." [Citations omitted.]
> . . .
> It is true that California's rule has its roots in the State's public policy. In setting forth the [no-waiver] rule ..., the California Supreme Court stated that "... We cannot allow the *public* interest to be thwarted by a defendant's oversight or trial tactics." [Citations omitted.] But procedural rules commonly have a basis in public policy.... Thus the mere fact that California's no-waiver rule concerning punitive damages is rooted in public policy does not render it substantive for purposes of our analysis.

*Freund,* 347 F.3d at 761–62.

Similarly, the Nevada rule here, assuming it amounts to a no-waiver rule for prejudgment interest, *but see supra* at 1134, does not define the substantive entitlement to prejudgment interest. That function is performed by Nevada Revised Statutes § 17.130. The most *Schoepe* did was to establish "when and how" the entitlement to prejudgment interest "can be reviewed." *Freund,* 347 F.3d at 762 (citation omitted). Moreover, to the extent *Schoepe* finds its basis in the public policy that the entitlement to prejudgment interest may not be thwarted by "oversight or trial tactics," *Freund,* 347 F.3d at 762, it does not differ from many state procedural rules, which usually have *some* basis in policy. That a state procedural rule is policy-based is not enough to trump application of an on-point, valid Federal Rule,[6] as *Freund* recognized.

---

**6.** Not surprisingly, there is no challenge to the validity of Rule 59.

Moreover, courts in other circuits have applied *Osterneck* in diversity cases. *See, e.g., Capstick,* 998 F.2d at 812–13; *Pogor,* 135 F.3d at 387–88. *Schoepe* does not persuade us to deviate from this practice.

Thus, Rule 59(e), not state law, should determine the deadline for filing a post-judgment motion for prejudgment interest. McCalla's motion was untimely filed.

**REVERSED.**