KERALA PROPERTIES, INC., Appellant, v.
BRUCE FAMILIAN, Respondent.

No. 44938

July 13, 2006

137 P.3d 1146

*William L. McGimsey*, Las Vegas, for Appellant.

*Lionel Sawyer & Collins* and *Rodney M. Jean*, Las Vegas, for Respondent.

Before ROSE, C. J., BECKER and MAUPIN, JJ.

## OPINION

*Per Curiam:*

This is the fourth appeal concerning the same underlying suit between appellant Kerala Properties, Inc., and respondent Bruce Familian. Familian contracted with Kerala to purchase a parcel of Kerala's land. Kerala breached the contract and Familian sued for specific performance. Because of the property's value, Familian was not entitled to specific performance but was entitled to monetary damages. In accordance with our previous order, the district court awarded Familian attorney fees, other expenses, and prejudgment and postjudgment interest. The parties agreed that the applicable prejudgment interest statute was NRS 99.040, which governs contract cases. Therefore, the district court determined that the prejudgment interest rate was the single rate in effect on the date when the parties signed the contract.

Kerala appeals, arguing that the district court erred by (1) calculating the prejudgment interest rate according to the rate in effect when the parties signed the contract, rather than the rate in effect at the time when the individual expenses were incurred; and (2) failing to adjust the prejudgment interest rate every January 1 and July 1.[1]

We conclude that the district court did not err in calculating the prejudgment interest award. First, under NRS 99.040(1), the proper prejudgment interest rate is the single rate in effect on the date of the transaction, which is the date the original contract was signed. Second, we have previously held that under NRS 17.130(2), the statute governing prejudgment interest in noncontract actions, the prejudgment interest rate must be calculated at the

---

[1]The district court properly adjusted the postjudgment interest rate every six months. *See* NRS 99.040(1); *Lee v. Ball*, 121 Nev. 391, 395-96, 116 P.3d 64, 67 (2005).

single rate in effect on the date when the judgment is entered.[2] Today we extend that interpretation to NRS 99.040(1)'s six-month interest rate adjustment and conclude that the January 1 and July 1 interest rate adjustment applies only to the postjudgment interest award. Thus, the district court did not err by fixing the prejudgment interest rate, and we affirm its judgment.

## FACTS

Kerala owned approximately five acres of undeveloped land in Las Vegas, Nevada. Kerala entered into a contract to sell the land to Larry Rothman, who in turn assigned all of his interest in the land to Familian. The contract contained a provision that the purchase price would be reduced by the cost of certain improvements. Kerala failed to read that provision, and as a result, Kerala believed it would receive the full purchase price for the property. One-and-one-half months before escrow was to close, Kerala realized it would not receive the full purchase price for the property so it asked the title company to cancel the escrow and return Familian's earnest money deposit.

Familian filed suit against Kerala, seeking specific performance of the contract. Following a bench trial, the district court found in favor of Familian and ordered specific performance. After two appeals, we concluded that, because of the property's value, Familian was not entitled to specific performance but was entitled to monetary damages. We concluded that Familian's damages should include his losses in reliance on the contract, his attorney fees, and prejudgment interest. The district court then awarded Familian attorney fees, court costs, property development expenses, and the real estate taxes Familian paid on the property.

When calculating prejudgment interest, the district court concluded that under NRS 99.040, prejudgment interest is fixed at the rate in effect on the date of the transaction, while postjudgment interest adjusts every six months. The district court then determined that the date of the transaction—from which to calculate prejudgment interest—was March 4, 1997, the date the contract was signed. It found that Familian was entitled to recover prejudgment interest at the rate in effect at the time the contract was signed, not from the dates when the expenses were incurred. Finally, it awarded Familian postjudgment interest, adjusted every six months, in accordance with NRS 99.040(1).

Kerala appeals, arguing that the district court erred by (1) calculating the prejudgment interest rate as of the date the contract was signed rather than calculating it as of the date each expense was in-

---

[2]*Lee*, 121 Nev. at 396, 116 P.3d at 67.

curred; and (2) adjusting only the postjudgment, and not the prejudgment, interest rate every January 1 and July 1.

## DISCUSSION

We review an award of prejudgment interest for error.[3] " '[T]hree items must be determined to enable the trial court to make an appropriate award of interest: (1) the rate of interest; (2) the time when it commences to run; and (3) the amount of money to which the rate of interest must be applied.' "[4]

At issue here is the rate of interest and the time when the interest begins to run. The parties do not dispute that the applicable prejudgment interest statute is NRS 99.040, which applies in cases concerning contract disputes. However, the parties disagree regarding the interpretation of NRS 99.040 with respect to calculation of interest. The construction of a statute is a question of law, which this court reviews de novo.[5]

*The district court did not err by calculating the prejudgment interest at the rate in effect at the time the contract was signed*

Kerala contends that the district court erred by calculating prejudgment interest at the rate in effect at the time the contract was signed, rather than calculating it at the rates in effect when the individual expenses came due. We disagree.

The pertinent language of NRS 99.040(1) regarding the date from which prejudgment interest is calculated states, "When there is no express contract in writing fixing a different rate of interest, interest must be allowed at a rate equal to the prime rate . . . , on January 1 or July 1, as the case may be, immediately preceding the date of the transaction . . . ." When addressing the date of the transaction, we have stated that the date of the transaction for purposes of calculating the rate of prejudgment interest "is the original signing of the contract."[6]

Kerala argues that interest does not accrue until the expenses are incurred, and therefore, the transactional date under NRS 99.040

---

[3]*See Lee*, 121 Nev. at 395, 116 P.3d at 67.

[4]*Schoepe v. Pacific Silver Corp.*, 111 Nev. 563, 565, 893 P.2d 388, 389 (1995) (quoting *Paradise Homes v. Central Surety*, 84 Nev. 109, 116, 437 P.2d 78, 83 (1968)).

[5]*City Plan Dev. v. State, Labor Comm'r*, 121 Nev. 419, 426, 117 P.3d 182, 192 (2005).

[6]*Schoepe*, 111 Nev. at 566 n.1, 893 P.2d at 389 n.1.

must be the date when the expense was incurred, not the date when the parties signed the contract. It asserts that otherwise the interest rate involved would not relate to the actual interest rate on the date of the transaction. As an example, Kerala states that because Familian's attorney fees were not incurred on the date when the contract was signed, the interest rate should be calculated as of the date when the attorney fees were incurred. As support, Kerala cites to *James Hardie Gypsum, Inc. v. Inquipco*, holding that the district court "should award 'interest from the dates the various obligations [fall] due.'"[7]

Kerala's argument is unpersuasive. First, we have previously said that the transactional date for purposes of NRS 99.040(1) is the date when the contract was signed.[8] Second, Kerala's assertion that the interest rate must be calculated on the dates the expenses were incurred misconstrues NRS 99.040's purpose. Under NRS 99.040(1), the interest rate applied is the rate in effect on the date when the parties signed the contract because that is the date when the breaching party incurred obligations to the nonbreaching party. As in this case, Familian would not have incurred attorney fees and other expenses had Kerala not entered into and subsequently breached the contract.

Finally, Kerala's reliance on the fact that prejudgment interest does not begin to run until obligations become due is misplaced. Under NRS 99.040(1), *after* prejudgment interest is determined at the rate in effect on the date when the contract was signed, that rate is then applied to attorney fees and expenses from the date when those obligations came due. That is precisely how the district court applied interest in this case. Therefore, we conclude that the district court did not err in determining and applying the prejudgment interest rate.

*The district court properly applied prejudgment interest at the single rate in effect on the date when the contract was signed*

Under NRS 99.040(1), the interest rate "must be adjusted accordingly on each January 1 and July 1 . . . until the judgment is satisfied." Kerala argues that, accordingly, the prejudgment interest rate must be adjusted on January 1 and July 1 of each year after the expenses were incurred until the judgment is satisfied. It contends that the intent of the statute is to provide a person who is

---

[7]112 Nev. 1397, 1407, 929 P.2d 903, 909 (1996) (alteration in original) (quoting *Brandon v. Travitsky*, 86 Nev. 613, 616, 472 P.2d 353, 355 (1970)), *overruled on other grounds by Sandy Valley Assocs. v. Sky Ranch Estates*, 117 Nev. 948, 35 P.3d 964 (2001).

[8]*Schoepe*, 111 Nev. at 566 n.1, 893 P.2d at 389 n.1.

owed money with a statutory rate of interest, adjusted on January 1 and July 1 of each succeeding year, from the date the money was owed until it is paid.

Although we have not yet addressed whether, under NRS 99.040(1), prejudgment interest is calculated at a fixed rate, we have recently addressed NRS 17.130(2)'s[9] nearly identical language and concluded that the prejudgment interest rate must be a fixed rate, calculated at "the single rate in effect on the date of judgment."[10] Thus, the biannual rate adjustment applies postjudgment, *i.e.*, when the judgment is entered until it is satisfied, and not prejudgment.[11] We extend our interpretation of NRS 17.130(2) to NRS 99.040(1) and conclude that NRS 99.040(1)'s interest rate adjustment applies only postjudgment. Therefore, the district court did not err by fixing the prejudgment rate of interest.

### CONCLUSION

The district court did not err by determining that the applicable interest rate was the rate in effect on the date when the contract was signed and by fixing the prejudgment interest at that single rate. Accordingly, we affirm the district court's judgment.

---

[9]NRS 17.130 applies in noncontract based actions. The pertinent language of NRS 17.130(2) states, "When no rate of interest is provided . . . , the judgment draws interest . . . at a rate equal to the prime rate . . . . The rate must be adjusted accordingly on each January 1 and July 1 thereafter until the judgment is satisfied."

[10]*Lee v. Ball*, 121 Nev. 391, 396, 116 P.3d 64, 67 (2005).

