**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRAIG MILHOUSE and PAMELA MILHOUSE, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> TRAVELERS COMMERCIAL INSURANCE COMPANY, <br><br> Defendant - Appellee. | No. 13-56959 <br><br> D.C. No. 8:10-cv-01730-CJC-AN <br><br> MEMORANDUM[*] |
| CRAIG MILHOUSE and PAMELA MILHOUSE, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> TRAVELERS COMMERCIAL INSURANCE COMPANY, <br><br> Defendant - Appellant. | No. 13-57029 <br><br> D.C. No. 8:10-cv-01730-CJC-AN |

Appeal from the United States District Court
for the Central District of California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 1, 2016
Pasadena, California

Before: PAEZ and M. SMITH, Circuit Judges, and SILVER,[**] Senior District Judge.

Craig and Pamela Milhouse ("the Milhouses") and Travelers Commercial Insurance Company ("Travelers") cross-appeal the district court's final order on post-trial motions, judgment, first amended judgment granting remittitur, and second amended judgment awarding post-judgment interest. The Milhouses argue that the district court erred when it (1) declined to give a jury instruction regarding the legality of listing the Internal Revenue Service ("IRS") as a co-payee on the Milhouses' insurance benefits check; (2) admitted mediation communications at trial; (3) failed to exclude defense expert witness Clarke Holland's testimony regarding mediation; and (4) declined to award prejudgment interest. They request a new trial with respect to their breach of the implied covenant of good faith and fair dealing claim. Travelers argues that the district court erred when it determined that substantial evidence supported the jury's liability finding and its award (after

[**] The Honorable Roslyn O. Silver, Senior District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

2

remittitur) on the Milhouses' breach of contract claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant or denial of a party's motion for judgment as a matter of law, and we review its grant or denial of a motion for a new trial for an abuse of discretion. Fed. R. Civ. P. 50, 59(a); *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014); *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1000 (9th Cir. 2008) (citations omitted). Because "we do not lightly cast aside the solemnity of the jury's verdict," we determine if substantial evidence supports the jury's verdict and its calculation of damages. *Graves v. City of Coeur D'Alene*, 339 F.3d 828, 844 (9th Cir. 2003), *abrogated on other grounds by Hiibel v. Sixth Judicial Dist. Ct. of Nevada*, 542 U.S. 177 (2004); *Barnard v. Theobald*, 721 F.3d 1069, 1076 (9th Cir. 2013). We construe the trial evidence in the light most favorable to the nonmoving party, resolve all conflicts in favor of the nonmoving party, and draw all reasonable inferences in favor of the jury's verdict. *Harper v. City of L.A.*, 533 F.3d 1010, 1016 (9th Cir. 2008) (citation omitted).

1.     We review de novo whether a jury instruction misstates the law, and we review the district court's formulation of a civil jury instruction for an abuse of discretion. *Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014) (citing *Peralta*

3

*v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc)); *Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*, 447 F.3d 769, 784 (9th Cir. 2006) (citations omitted).

The Milhouses asserted several theories of liability with respect to their bad faith claim, including a theory that Travelers unlawfully listed the IRS as a co-payee on the Milhouses' insurance benefits check as a form of retaliation. To prevail on a breach of the implied covenant of good faith and fair dealing claim, a plaintiff must show that the insurer (1) withheld benefits due under the policy for (2) reasons that were unreasonable or without proper cause. *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 823 (9th Cir. 2014).

We find no error in the district court's decision not to charge the jury regarding the propriety of listing the IRS as a co-payee. The legality or illegality of including the IRS as a co-payee served as a potential basis for the "without proper cause" element of a bad faith insurance claim, and both parties had the opportunity to develop the record with respect to that theory of liability. When reviewed in light of the district court's jury instructions as a whole, an instruction regarding the IRS was not required. Even if the court erred, any error was harmless in light of all the evidence.

2.     We review de novo the district court's determination whether to apply state or federal law in a diversity action, as well as the district court's construction of

state law. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003) (citation omitted). Although evidentiary rulings are typically reviewed for an abuse of discretion, the recognition, application, and waiver of an evidentiary privilege are mixed questions of law and fact that we review de novo. *Id.*

The Milhouses argue that the district court erred in applying Federal Rule of Evidence 408 instead of California Evidence Code section 1119 when determining whether a mediation privilege barred the admission of evidence related to statements and conduct undertaken during mediation proceedings. Although both parties filed motions in limine to exclude evidence related to mediation, the district court did not rule on the merits of those motions, denied all of the motions without prejudice, and directed the parties to winnow down the number of motions in limine. Both parties withdrew their motions in limine regarding mediation. At no point during the final pretrial conference or during trial did the Milhouses' counsel object on the basis of the mediation privilege, nor did he alert the district court that California Evidence Code section 1119, not Federal Rule of Evidence 408, controlled the admission of evidence from mediation proceedings. Instead, counsel raised the issue of mediation privilege, and of choice-of-law, for the first time in his memorandum in support of his motion for a new trial. By failing to object on the basis of the mediation privilege at trial, the Milhouses did not preserve for

5

appeal whether the district court erred when it admitted mediation statements. We therefore consider the issue waived and decline to address the merits of their tardy objection to the admission of that evidence.

The Milhouses also contend that the district court erred when it declined to exclude the mediation statements as hearsay. We may affirm the district court's ruling on any ground supported by the record, "even if the district court relied on the wrong grounds or wrong reasoning." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013) (quoting *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998)). Federal Rule of Evidence 801(d)(2) provides that certain statements may be offered against a party opponent and are "not hearsay" within the meaning of Rule 801. At trial, Travelers asserted that the Milhouses delivered their mediation offers through the parties' mediator, a "person whom the part[ies] authorized to make a statement on the subject." Fed. R. Evid. 801(d)(2)(C). Although the district court cited another basis for its ruling—Federal Rule of Evidence 803(3)—it did not err in overruling the Milhouses' objection to the mediation statements presented by Travelers.

**3.** We review the admission or exclusion of expert testimony at trial for an abuse of discretion. *Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010). The Milhouses object to the district court's admission of defense expert Clarke

6

Holland's testimony regarding his impression of the Milhouses' motives at mediation. Holland did not participate in that mediation and only received information regarding the statements allegedly made during mediation from defense counsel and other defense witnesses. Although Holland's testimony was speculative, its admission did not prejudice the Milhouses in light of the other evidence introduced regarding the parties' mediation efforts. There was no abuse of discretion in admitting his testimony.

4.     We review the grant or denial of pre-judgment interest for an abuse of discretion, and we apply the forum state's law regarding pre-judgment interest when a case arises under the court's diversity jurisdiction. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1020 (9th Cir. 2003); *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1131–32 (9th Cir. 2004).

California law requires that a court award prejudgment interest to a party who receives damages based on a contract cause of action with respect to the amount of damages that was "(1) due and owing and (2) certain or capable of being made certain by calculation." *Uzyel v. Kadisha*, 188 Cal. App. 4th 866, 919 (2010) (citations omitted); *see* Cal. Civ. Code § 3287(a). Damages are certain if the defendant "actually knows the amount of damages" or could calculate the amount based on "information reasonably available to the defendant." *Uzyel*, 188 Cal.

7

App. 4th at 919. If calculation of the damages amount requires a factfinder to determine the amount based on conflicting evidence, and the damages amount cannot be independently calculated, then damages are not ascertainable, and no prejudgment interest is awarded. *Id.*

As the district court noted, the parties were unable to agree on the valuation of the Milhouses' claims on their dwelling, ordinance/law, and personal property policies. Because the jury was required to weigh evidence to determine the value of the Milhouses' claims, that information was not certain prior to the entry of judgment. The district court did not err in holding that damages were not certain or calculable, and it did not err in declining to impose prejudgment interest.

5.     Travelers contends it is entitled to judgment as a matter of law, arguing that the jury's verdict and the district court's remittitur order are not supported by substantial evidence in the record as a whole. Viewing all of the trial evidence in the light most favorable to the verdict, the district court correctly determined that substantial evidence supported the jury's verdict. The district court also did not err in its damages calculation.

**AFFIRMED.**