**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLAYTON DEL THIBODEAU, | No.   19-56356 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 3:16-cv-02680-GPC-AGS |
| ADT LLC, DBA ADT Holdings Inc., DBA ADT Security Services, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted May 4, 2021[**]
San Francisco, California

Before:  FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Clayton Del Thibodeau appeals the district court's partial summary

judgment in his action alleging a variety of California state law claims against his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

former employer, ADT LLC (ADT).  We affirm in part and vacate and remand in part.

(1) We have jurisdiction to decide this appeal.  Thibodeau's May 6th motion was, in substance, a motion to alter or amend the judgment because it sought prejudgment interest under California law.  *See Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1172 (9th Cir. 2018); *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1128,1134 (9th Cir. 2004); *see also* Fed. R. Civ. P. 59(e); Cal. Lab. Code § 2802(b).  That motion remained pending until the district court's order on October 21, 2019.  *See McCalla*, 369 F.3d at 1130–34.  Thus, Thibodeau's notice of appeal was timely filed on November 20, 2019.  Fed. R. App. P. 4(a)(1)(A), (4)(A)(iv).

(2) The district court properly granted summary judgment to ADT on Thibodeau's Claim Two (whistleblower retaliation).  In order to make out a prima facie case for retaliation, Thibodeau had to adduce evidence suggesting that he engaged in protected activity—that is, that he reported practices he reasonably believed were illegal.  *See Ross v. County of Riverside*, 248 Cal. Rptr. 3d 696, 704–05 (Ct. App. 2019).  Thibodeau failed to do so.  First, there is no evidence in this record that Thibodeau reported ADT's telephone solicitation practices as illegal.  Second, while he testified that he reported the illegality of ADT's in-

person solicitation practices and distribution of leads to vendors, Thibodeau has not pointed to any evidence suggesting that his beliefs in the illegality of those practices were reasonable. *Cf. Mokler v. County of Orange*, 68 Cal. Rptr. 3d 568, 581 (Ct. App. 2007).

(3) The district court also properly granted summary judgment in favor of ADT on Thibodeau's Claim Three (unlawful disclosure of customer information) because Thibodeau admitted that he was not a customer of ADT. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 563, 112 S. Ct. 2130, 2137–38, 119 L. Ed. 2d 351 (1992). Even if ADT disclosed some of Thibodeau's own information, that does not support his claim for wrongful disclosure of customer information. Lenience afforded to pro se litigants does not extend to creating unpled claims for them. *See Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc).

(4) The district court erred in entering summary judgment on Thibodeau's Claim Five (unpaid overtime wages). ADT bore the burden of demonstrating that California's outside-salesperson exemption applied, and that factually specific determination[1] requires "'a purely quantitative approach'" that "focuses

---

[1] *Walsh v. IKON Off. Sols., Inc.*, 56 Cal. Rptr. 3d 534, 546 (Ct. App. 2007); *see also Ramirez v. Yosemite Water Co., Inc.*, 978 P.2d 2, 5 (Cal. 1999).

3

exclusively on whether the employee spends more than half of the workday engaged in sales activities outside the office." *Duran v. U.S. Bank Nat'l Ass'n*, 325 P.3d 916, 929 (Cal. 2014). Upon de novo review, we determine that summary judgment was inappropriate because there were genuine disputes of material fact as to whether Thibodeau "'customarily and regularly work[ed] more than half [his] working time away from the employer's place of business selling . . . items or obtaining orders.'" *Ramirez*, 978 P.2d at 9 (italics omitted); *see also* Cal. Lab. Code § 1171.

(5) We reject Thibodeau's other claims, many of which simply reflect the difficulties and "'hazards which beset a layman when he seeks to represent himself.'" *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007). None are well taken, nor do they reflect prejudicial error (let alone bias or misconduct on the part of the district court). *See id.* Moreover, we decline to consider improperly developed or newly minted arguments on appeal. *See Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

The parties shall bear their own costs.

**AFFIRMED in part, VACATED in part, and REMANDED.**

4